Turnee-, J.
 

 This is an action brought against the president and directors of an Ohio corporation (joining the corporation as a defendant) by a shareholder “in behalf of himself and all other shareholders similarly situated.” It is what is sometimes called a representative suit. Strictly speaking, it is a derivative action on behalf of the corporation. If it were successful, the decree would necessarily be in favor of the corporation that the defendant president and directors make good to the corporation the assets lost or diverted or the damage sustained by the corporation through their negligence or fraud.
 

 The purpose of such an action is to call the officers and directors to account for losses and damage sustained because of their misconduct and negligence in the discharge of their duties. In the absence of a statute to the contrary, such cause of action is of equitable cognizance only. The entire accounting asked for in the amended petition ordinarily constitutes but a single cause of action. 10 Ohio Jurisprudence, 357 and
 
 *134
 
 360; 19 Corpus Juris Secundum, 223 and 230, Sections 821 and 825; 13 American Jurisprudence, 499, Section 453; 13 Fletcher, Cyclopedia of Corporations (Perm. Ed.), 244
 
 et seq.,
 
 Section 5939
 
 et seq.
 

 The amended petition sets up a series of alleged breaches of duty over a period of 10 years, which charges, if true, would show gross mismanagement. However, the appeal places before us two questions only. As stated in appellant’s brief: “While the action was based on several charges we are concerned in this appeal with two items only, viz.: (1) The charge which involved the payment of dividends unlawfully, and (2) the error of the trial court in excluding evidence offered by plaintiff-appellant in connection with the charge that dividends had been paid unlawfully. ’ ’
 

 At the outset, we are met with the necessity of determining whether the relief which appellant seeks under Section 8623-1236, General Code, may be granted under appellant’s amended petition or the evidence offered in support thereof. Apparently, appellant has abandoned his theory of requiring the directors to account to the corporation for any damages sustained by the corporation on account of the payment of illegal dividends-, and is now in this court asking a reversal of the actions of the courts below on the sole ground that he has stated and proved a cause of action under Section 8623-1236, which provides as follows :
 

 “The directors of a corporation shall not declare or pay dividends or authorize the withdrawal or distribution of any part of its assets except as provided in this act.
 

 “Any shareholder, who shall knowingly accept or receive any dividend or distribution not authorized by this act to be made, shall be liable to the corporation in the amount accepted or received by him with interest at the rate of six per centum per annum until the same shall be repaid.
 

 
 *135
 
 “In case of any wilful or negligent violations of the provisions of this section, the directors, under whose administration the same shall have happened, (except those who shall dissent as hereinafter provided), shall be jointly and severally liable to the corporation for' the full amount of any such unauthorized dividend or distribution with interest at the rate of six per centum per annum until the same shall be paid.
 

 “A director shall not be held to have been negligent within the meaning of this section if he relied and acted in good faith upon the books of a corporation, or upon a balance sheet and profit and loss statement of the corporation and a statement of the assets available for a dividend or distribution represented to him to be correct by the president or the officer of the corporation having charge of or supervision of its accounts, or certified to be correct by a public accountant or firm of public accountants of good reputation, nor shall he be held to have been negligent if in good faith he considered assets at their book values, nor if in any case he followed what he believed in good faith to be sound accounting and business practice.
 

 “Any director against whom a claim shall be asserted by or on behalf of a corporation under or pursuant to this section, or who shall be held liable under or pursuant to this section, shall be entitled to contribution from other directors who are liable, according to the number of such directors, and any and all directors against whom a claim shall be asserted under or pursuant to this section or who shall be held liable, shall have a right of contribution against the shareholders who knowingly accepted or received any dividend or distribution not authorized to be made, and such shareholders shall contribute in proportion to the amounts received by them respectively.”
 

 In this case it will not be necessary to pass upon the question whether Section 8623-123&, General Code,
 
 supra,
 
 provides an exclusive remedy. Appellant has
 
 *136
 
 failed to make a case independently of that section, for the reason that his evidence does not tend to show that the corporation or its creditors have sustained any loss or damage on account of the unauthorized distribution of dividends.
 

 In the course of its opinion, the trial court said: “It is admitted by counsel for the plaintiff that the corporation is not now, and never was, insolvent. Likewise, it is obvious from the testimony adduced by plaintiff, that the corporation has no large or pressing creditors. Plaintiff does not contend that any of the acts complained of ever endangered the solvency or financial standing of the corporation so far as any creditor’s viewpoint might be concerned.”
 

 The trial court repeatedly complained that there was no comprehensive audit of the books and affairs of the company, and in this connection said: “Without such an audit, covering the entire and comprehensive conduct of the business during the time complained of, any court would find itself in difficulty in attempting to appraise the knowledge or information which the officers and directors should have had available at various times when dividends were contemplated or actually voted. This court has received bits of data and information made available by income tax reports and other fragmentary reports which are illuminating, but are not altogether conclusive. Any court having had experience in controversies requiring a review of the conduct and activities of corporate directors and officers must come to the conclusion that such partial and seasonal reports and fragmentary statements cannot properly appraise the conditions of this or any other going business.
 
 *
 
 * *
 

 “This court is still curious as to the reason why counsel for plaintiff did not insist upon the right to thoroughly examine and privately audit the books of account of this defendant corporation with a view of presenting this court with the true financial conditions
 
 *137
 
 of this company for periods [of] four or two years prior to the institution of this action. ’ ’
 

 At the conclusion of plaintiff’s evidence, each of the defendants filed a motion “for judgment dismissing the petition.” Thereupon, the trial court, after making 12 separate findings, adjudged and decreed “that the plaintiff is not entitled to the relief by him prayed for; that the defendants and each of them go hence without day * *
 

 Unless appellant’s amended petition and the evidence adduced at the trial show a cause of action under Section 8623-123&, General Code, appellant would not be entitled to a reversal of the judgment of the Court of Appeals affirming the trial court’s decree under the assignments of error as presented by brief and argument to this court.
 

 The trial court made the following findings on the subject of the payment of illegal dividends:
 

 “7. That the reductions in stated capital complained of were accomplished by-proper vote of the directors and stockholders, as provided by law, and created an excess of assets subject to distribution in the form of dividends; that there is no evidence that such excess and distributions thereof were brought about other than in accordance with statutory requirements; that the dividends heretofore paid and referred to in the petition herein were legal and justified under the Ohio Corporation Act.
 

 “8. That the defendant Frederick T. Roosa did not personally profit from the voting or payment of dividends, but, on the contrary, was accorded the same treatment as all other stockholders. * * *
 

 “12. That the provisions of the General Code relating to the labeling of dividends paid out of capital surplus are directory in nature; that in any event the stockholders of defendant The Mutual Drug Company must have known the source of such dividends; and that there is no proof that any of the defendants in
 
 *138
 
 dividually, or by conspiracy, wilfully or unlawfully misled the stockholders in this respect.”
 

 So far as the foregoing are findings of fact, there is no assignment of error which brings any of them before us for review. The appeal to the Court of Appeals was on questions of law only. The Court of Appeals affirmed the judgment of the trial court. As to the trial court’s holdings on the law and its rulings on evidence, it would be useless to discuss these in the absence of a showing or offer to show that the corporation had sustained some loss or damage on account of the payment of the dividends in question, even if these matters had been properly raised in this court.
 

 A number of states have enacted statutes similar to our Section 8623-123&, General Code. The holdings thereunder, however, have not been uniform, as will be shown by the following quotations and citations:
 

 In 13 American Jurisprudence, 743, Section 720, it is said: “The cases involving a statutory liability of directors for the wrongful or illegal declaration and payment of dividends turn chiefly/ upon the construction and effect of the particular statutory provisions involved. It has been held, however, that such statutes should not be construed as reducing the directors ’ liability and that, insofar as they do not cover the field of such liability, they will not prevent the bringing of an action under pre-existing rules of law. The question as to the penal nature of such statutes has come before the courts in various instances and must be solved with reference to the particular statute. They vary as to the extent of the liability which they impose, some making the directors liable for all debts of the corporation existing at the time of the declaration or thereafter incurred while in office, and others making them liable only for the dividends wrongfully declared. The liability imposed by the former class of statutes is generally considered to be penal, while that arising from statutes of the latter class is usually
 
 *139
 
 regarded not as in the nature of a penalty, but rather as an obligation to indemnify for loss sustained from the wrongful payment.”
 

 In 12 Fletcher, Cyclopedia of Corporations (Perm. Ed.), 150, it is said: “The statutory liability of the directors to make restitution is not contractual in its nature; the cause of action sounds in tort, and the statutes creating the liability are generally regarded as merely declaratory of the common law. Some courts hold that such statutes are penal in character, while others take the view that they are not penal, and that their ‘sole purpose is, not to punish, but to provide for the making of compensation by wrongdoers for the injury sustained by their wrongful act.’ The liability is a civil one, and does not affect the responsibility of the directors for their criminal acts. So it will not preclude the prosecution of a director for embezzlement committed under the guise of declaring a dividend. Such statutes will be strictly construed, and ‘the liability cannot be extended beyond the strict terms of the statute.’ But while a clear case must be established, ‘yet the substance of the act and not the mere form must be the test of liability. ’
 

 “Most of the statutes have provisions limiting the gross liability for such transgression of the directors to the amount of dividends so declared and paid.”
 

 In Volume 3, Section 1203, page 652, Fletcher says:
 

 “Statutes creating personal liability of officers of corporations are generally held to be penal statutes, or at least it is held that since such statutes impose upon the officers burdensome liabilities, not by reason of any agreement or contract on their part, but as a penalty for their neglect or misconduct, in this sense they are penal in their nature, as respects the officers, and not contractual, although in some states this theory that such statutes are penal seems to be rejected in its entirety. The rule as laid down in perhaps a majority of the cases is that such statutes are penal in char
 
 *140
 
 acter, although not such in the strict sense of the term; that is they are not penal in the same sense as a criminal statute is penal, and that for the purpose of determining the liability of officers, the statutes are in the nature of a penalty, as to them.
 

 4 4 The courts are in hopeless conflict as to whether a statute is remedial or penal, which provides that for the impairment of the capital stock the directors shall be jointly and severally liable to the corporation and its creditors in the event of its dissolution or insolvency.
 

 4 4 Statutes making directors liable for distributing assets to stockholders
 
 * * *
 
 are penal * *
 

 Some of the cases on this subject are collected in the annotations to the following volumes of A. L. R.: 55 page 72; 76 page 892; and 109 page 1388.
 

 The only question now before us in respect of Section 8623-1235, General Code, is whether appellant has stated and proved a cause of action under that section. Appellant’s amended petition seeks an equitable accounting from directors for various acts of alleged misconduct, all of which constitute but a single cause of action. The record does not disclose the raising of any question challenging the jurisdiction of a court of equity or claiming the right tó trial by jury on any phase of the controversy. No question was raised as to multifariousness, or the misjoinder of causes of action. Our inquiry is therefore limited to an examination of the amended petition and the evidence offered by appellant to ascertain whether a cause of action under Section 8623-1235,
 
 supra,
 
 was stated and made. Strictly, we should stop if the petition fails to show a cause of action under that section, but out of abundance of caution we will go further to ascertain whether the evidence justifies the allowance of an amendment of the amended petition to conform to the evidence.
 

 In a statutory action plaintiff must bring his plead
 
 *141
 
 ings and proof clearly within the statute. 31 Ohio Jurisprudence, 573, Section 36. Where there are exceptions in the enacting clause, they must be negatived in the.petition and proof. Bates’ Pleading, Practice, Parties & Forms (4 Ed.), 180, Section 197d. In Section 8623-1235, the exceptions are by reference made a part of the enacting clause. So, also, where there is a special statutory limitation qualifying a given right, the petition and proof must affirmatively avoid the limitation or qualification. Differing from the usual phraseology of the statutory limitation, Section 8623-123e, General Code, provides: “No action shall be brought by or on behalf of a corporation upon any cause of action arising under or pursuant to either of the two preceding sections at any time after two years from the day on which the violation occurred. * * As stated in Bates’ Pleading, Practice, Parties & Forms (4 Ed.), 1699, Section 1875a: “Where time is a condition and not a limitation the petition must show that the action is brought within the prescribed period.” In 25 Ohio Jurisprudence, 426, it is said: “A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made of the essence of the right created, and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. ’ ’
 

 To allege and prove a derivative cause of action, under Section 8623-1235, General Code, against corporate directors for the recovery by the corporation of unauthorized dividends, it is necessary to state and prove facts which show a demand upon the corporation to bring the action and the corporation’s refusal, or facts which excuse or show the futility of such a demand, and a wilful or negligent violation of the first paragraph of the section, which provides: “The directors of a corporation shall not declare or pay dividends
 
 *142
 
 or authorize the withdrawal or distribution of any part of its assets except as provided in this act [Sections 8623-1 to 8623-138, General Code],” and that such action Ayas brought within the two-year limitation prescribed by Section 8623-123c, General Code. The petition and proof must further show that the defendants were the non-dissenting directors under whose administration the particular unauthorized dividend or distribution was made; that such defendants did ■not rely or act in good faith upon the books of the corporation or upon a balance sheet and profit and loss statement of the corporation and a statement of the assets available for a dividend or distribution represented to the defendants to be correct by the president or the officer of the corporation having charge of or supervision of its accounts or certified to be correct by a public accountant or firm of public accountants of good reputation, and that the defendants did not in good faith consider the corporate assets at their book values and did not follow what they in good faith believed to be sound accounting and business practice. The petition and proof should identify the particular unauthorized dividend or distribution claimed to have been made during the administration of defendants. The amount of the dividend or distribution should be set forth in the petition and claimed with interest.
 

 A dissenting director is defined in Section 8623-124, General Code, Avhich provides as follows: “No director shall be liable under the four preceding sections or otherwise if he caused his dissent from the declaration or payment of any dividend or distribution, or the making of any loan, advance, overdraft, or vfithdrawal, or the authorization or doing of any other act to be entered upon the minutes of the directors at the time the action was authorized or made knoAvn to the board of directors, or, not being present at that time, caused his dissent therefrom to be communicated in writing by registered mail to the secretary of the cor
 
 *143
 
 poration or to Tbe entered upon the minutes of the directors within a reasonable time after learning of the action so taken.”
 

 Tbe following are the only averments of the amended petition in respect of the payment of unauthorized dividends by the directors,
 
 vis.:
 

 “Plaintiff says that in the operations of the company by the year 1929, the said company had accumulated a large deficit and from that time to the present has never had a surplus from which it could pay dividends to the shareholders, but in spite of that fact, from 1930 through the year 1938, the assets of the corporation have been dissipated through illegal and fraudulent payment of dividends in an amount in excess of seven hundred and fifty-three thousand,- nine hundred eleven dollars and forty-three cents ($753,-911.43).
 

 “Plaintiff further avers that this dissipation of assets in payment of dividends was made primarily through the direction of Frederick T. Eoosa, who had complete knowledge of the facts and complete control over the dissipation of these assets and personally profited thereby; that the remaining individual defendants in this action have known or should have known, in the exercise of ordinary business judgment, of the fraudulent and illegal dissipation of the assets of the company.”
 

 Clearly the foregoing averments are insufficient to show a cause of action against directors under Section 8623-123&, General Code, and insufficient therefore to justify the admission of evidence to sustain a cause of action under that section.
 

 Our examination of the record does not disclose any evidence or offer of evidence in support of many of the necessary elements of a cause of action under Section 8623-123&, General Code. Indeed, appellant’s brief in this court, in referring to the payment of dividends during the two years preceding the bringing of
 
 *144
 
 the action, contains the following statements: “Neither the declaration nor payment of these dividends had been authorized by the board of directors ’ ’; and ‘
 
 ‘
 
 The only dividends authorized by the board of directors were on an ‘if earned’ basis * *
 

 Our inquiry has suggested several interesting questions in connection with the statute under investigation not raised by the assignments of error. For instance, is the action one for money only? Is a recovery under this section to be limited to the actual damages sustained by the corporation by reason of the unauthorized distribution or is the purpose of the statute the punishment of the offending directors? If the latter, what discretion, if any, is there in assessing the amount of the penalty? In reaching a conclusion, what consideration is to be given to the fact that the latter part of Section 8623-123c, General Code, furnishes a condition precedent
 
 only for creditors
 
 who attempt to bring an action under Section 8623-1236? This part of Section 8623-123c reads: “No action shall be brought by or on behalf of any creditor to reach and apply any debt or liability arising under or pursuant to the two preceding sections until after the happening of one of the events specified in Section 8623-28 of the G-eneral Code.”
 

 The judgment of the Court of Appeals is, therefore, affirmed.
 

 Judgment affirmed.
 

 Matthias, TIart and Bettman, JJ., concur.
 

 Weygandt, C. J., Williams and Zimmerman, JJ., dissent.