**STIPANOVICH, Appellant,**

v.

**APPLIN; City of Cleveland, Appellee.**

[Cite as *Stipanovich v. Applin* (1991), 74 Ohio App.3d 506.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59921.

Decided June 10, 1991.

*Kabat, Mielziner & Sobel* and *Mary Ann O. Rini*, for appellant.

*Roger H. Williams*, for appellee.

*Per Curiam.*

The appellant, Darlene Stipanovich, timely appeals the granting of a summary judgment motion by the Cuyahoga County Court of Common Pleas. We find the appeal well taken and reverse the ruling of the trial court.

The appellant filed a complaint against the city of Cleveland, appellee, for its failure "to maintain proper traffic pattern control and suitable timing of the traffic signal so to maintain safe crossings for the pedestrians and safe driving lanes for automobiles." Furthermore, the appellant's injuries "directly resulted from a bad faith exercise of judgment or discretion by defendant, City, in failing to adequately design and maintain traffic and pedestrian control devices and traffic control patterns."

The filing of the lawsuit was the consequence of an automobile striking the appellant at the intersection of Martin Luther King Drive and Cedar Road in

Cleveland, Ohio. She was crossing Martin Luther King Drive inside the crosswalk, walking in an east-to-west direction. The light was red for northbound traffic on Martin Luther King Drive when appellant left the curb. However, the light allegedly turned green for the northbound traffic prior to her completely crossing the street. The appellant was struck by a northbound motor vehicle, sustaining severe injuries.

The trial court granted Cleveland a summary judgment based upon political subdivision tort liability immunity as codified in R.C. Chapter 2744, the rationale being that the regulation of traffic is a governmental function for which a political subdivision has immunity from liability for the acts or omissions of itself or an employee in connection with said governmental function. See R.C. 2744.02. Liberally construing the allegation against the appellee in the complaint, we find the trial court's rationale to be improper.

The appellant's first assignment of error alleges:

"I. The court erred in granting summary judgment to the city of Cleveland since the city waived the affirmative defense of sovereign immunity by its failure to plead the defense in its answer or by motion prior to filing its responsive pleading."

This assignment of error lacks merit and is therefore overruled.

■ Appellant represents that her complaint was filed on November 3, 1988. The record reflects that this is indeed accurate. However, the record does not reflect the further accusations made by the appellant against appellee for either its failure to respond within nine months or its failure to assert its affirmative defense of immunity pursuant to R.C. Chapter 2744.

The record reflects that appellee filed an answer with cross-claim on June 21, 1989. This is clearly less than nine months later as the appellant represents in her brief. The record further reflects that the appellee asserted in its answer, as its ninth affirmative defense, immunity pursuant to R.C. Chapter 2744. This is a total contradiction to the allegation in appellant's brief stating that the "answer did not raise the affirmative defense of sovereign immunity." Brief of appellant at page 4. The facts contained in the record do not support the allegations made by the appellant.

The record also reflects that no default judgment motion was pursued by the appellant. The failure to file a motion for default judgment constitutes a waiver. Consequently, the appellant is estopped from asserting the untimeliness of the filing of the answer, having failed to raise this issue in the trial court.

The appellant's second assignment of error alleges:

"II. The trial court erred in granting summary judgment to appellee city of Cleveland because the negligent timing of a traffic control device is not protected by the sovereign immunity statute."

This assignment of error is well taken.

■ R.C. 2744.02 classifies functions of political subdivisions in order to establish the types of situations where liability attaches. The exceptions to the application of immunity are specifically enumerated within the statute.

R.C. 2744.02(A)(1) states in pertinent part:

"*Except as provided in division (B) of this section,* a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)

This section creates an immunity for a political subdivision for acts and omissions of the subdivision or its employees in connection with a governmental or proprietary function. It also creates certain exceptions to that immunity, which are enumerated in R.C. 2744.02(B).

The regulation of traffic and the erection or non-erection of traffic signs, signals, or control devices are specifically defined as a governmental function pursuant to R.C. 2744.01(C)(2)(j).

However, there are five exceptions established by R.C. 2744.02(B) that do impose liability on a political subdivision for acts or omissions by the subdivision or its employees in connection with a governmental or proprietary function. The first exception is for the negligent operation of a motor vehicle while the operator is within the course and scope of his or her employment with the political subdivision. R.C. 2744.02(B)(1). The second exception is for negligent performance of acts with respect to proprietary functions of the political subdivision. R.C. 2744.02(B)(2). Third, there is an exception to immunity where the political subdivision fails to keep "public roads, highways, streets, avenues * * * within the political subdivisions open, in repair, and free from nuisance * * *." R.C. 2744.02(B)(3). Fourth, a political subdivision is liable for negligence of its employees that occurs within or on the grounds of buildings used in connection with the performance of a governmental function. R.C. 2744.02(B)(4). Finally, a political subdivision is liable when liability is expressly imposed upon the political subdivision by a section of the Revised Code. R.C. 2744.02(B)(5).

■ The complaint, in this case, alleges a failure to maintain proper traffic pattern controls and suitable timing of the traffic signal so as to maintain safe crossings for the pedestrians and driving lanes for automobiles.

In situations where a statute, upon certain conditions, confers a right or gives a remedy unknown to the common law, the party asserting the right or availing himself of the remedy must in his pleading bring himself clearly within the statute. *Haskins v. Alcott & Horton* (1862), 13 Ohio St. 210. Likewise, in situations where there is a special statutory limitation qualifying a given right, the petition and proof must have affirmatively avoided the limitation or qualification. *Scullin v. Mut. Drug Co.* (1941), 138 Ohio St. 132, 20 O.O. 126, 33 N.E.2d 992.

A pleading which sets forth a claim for relief need not state with precision all the elements that give rise to a legal basis for recovery as long as fair notice of the action is provided; however, the pleading must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be on the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 8 OBR 111, 455 N.E.2d 1344. All pleadings shall be so construed as to do substantial justice. Civ.R. 8(F).

Even though the appellant's complaint should clearly allege the statutory language of the nuisance exception, embodied in R.C. 2744.02(B)(3), and the prima facie elements of nuisance,[1] we are not inclined to foreclose the appellant from her potential cause of action because of the manner in which the complaint is drafted. This is true especially when the Civil Rules grant the discretion to construe pleadings to do substantial justice. There can be little to no argument that the negligent maintenance or the failure to maintain traffic control devices and traffic patterns could potentially create a nuisance, assuming the other essential elements of a nuisance are present.

It is crucial to the instant appeal to understand the importance of the exceptions contained in R.C. 2744.02. Appellant discusses and relies on *Strohofer v. Cincinnati* (1983), 6 Ohio St.3d 118, 6 OBR 178, 451 N.E.2d 787, and *Winwood v. Dayton* (1988), 37 Ohio St.3d 282, 525 N.E.2d 808. In both of these cases, the complaints specifically pled an exception to political subdivision tort liability immunity under R.C. 2744.02, the exception being the creation of a nuisance under R.C. 723.01. See R.C. 2744.02(B)(3).

In *Strohofer*, "[t]he complaint included a claim that the city of Cincinnati had acted negligently and created a nuisance by erecting and maintaining traffic control lights in a manner which confused motorists at the intersection

---

1. For a good discussion of the prima facie elements of a claim for nuisance, see *Yackee v. Napoleon* (1939), 135 Ohio St. 344, 14 O.O. 231, 21 N.E.2d 111.

where the collision occurred." *Id.,* 6 Ohio St.3d at 119, 6 OBR at 178, 451 N.E.2d at 788. In *Winwood,* 37 Ohio St.3d at 283, 525 N.E.2d at 809, the court stated: "[T]he complaint alleged, *inter alia,* that appellee ' * * * violated the duties imposed by Ohio Revised Code Section 723.01.' " In a factual situation similar to the instant case, this court recognized that "although at common law a municipality enjoyed immunity for acts performed in the exercise of its governmental functions, R.C. 723.01 imposes liability upon a municipality for the creation or maintenance of a nuisance on a public street." *Senko v. Molitoris* (Oct. 15, 1981), Cuyahoga App. No. 43381, unreported, 1981 WL 4556.

Construing the complaint to do substantial justice as we are bound to do pursuant to Civ.R. 8(F), we find that appellant did state a cause of action for nuisance thereby alleging an exception to political subdivision immunity. Substantial justice requires this ruling because the appellant should not be foreclosed from pursuing her cause of action.

The appellant's third assignment of error alleges:

"III. The trial court erred in granting summary judgment to appellee city of Cleveland because genuine issues of material fact existed."

At this juncture in the proceedings, we are inclined to agree with the appellant. On the claim of nuisance, it appears that there are genuine issues of material fact surrounding the production of documents, interrogatories, deposition testimony, and the affidavit relied on for summary judgment as a matter of law.

Therefore, we hold that substantial justice requires a liberal interpretation of the complaint, concluding that a claim of negligent maintenance of a traffic control device or traffic patterns does raise a factual question of whether there is a nuisance. Thus, the third assignment of error is well taken.

We reverse and remand to the trial court.

*Judgment accordingly.*

BLACKMON, P.J., JOHN V. CORRIGAN and PRYATEL, JJ., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, and AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.