HAMILA, Appellant,

v.

**CITY OF CLEVELAND, Appellee.**

[Cite as *Hamila v. Cleveland* (1993), 91 Ohio App.3d 618.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65324.

Decided Nov. 22, 1993.

*Sammon & Bolmeyer Co., L.P.A.,* and *Frank G. Bolmeyer,* for appellant.

*Jeanette M. Weaver,* Assistant Director of Law, for appellee.

---

*Per Curiam.*

Plaintiff Vera Hamila appeals from the order of the trial court which awarded summary judgment to defendant city of Cleveland in her negligence action. For the reasons set forth below, we reverse and remand.

## I

On December 17, 1991, plaintiff filed this action against defendant alleging that while crossing Euclid Avenue, she slipped and fell on a metal plate in the crosswalk and suffered personal injuries. Plaintiff then asserted two claims for relief: (1) that the city was negligent in its design and placement of the crosswalk; and (2) that the metal plate constituted a nuisance, pursuant to R.C. 723.01, of which the city had actual or constructive notice.

On November 2, 1992, the city moved for summary judgment. With respect to plaintiff's negligent design claim, the city argued that as a matter of law, it was immune from liability pursuant to R.C. 2744.02.

With respect to plaintiff's nuisance claim, the city asserted that there were no genuine issues of material fact because "[p]laintiff has no recollection of stepping in the metal plate nor does she have any recollection of any defect in the plate," and "[p]laintiff was unable to describe in any manner what made the plate itself 'defective.'" The city further asserted that it had no actual or constructive notice of any defects pertaining to the metal plate because John Neforos, Assistant Superintendent of the Division of Public Power, had searched the city's records and found no complaints pertaining to this area.

In her brief in opposition to defendant's motion, plaintiff challenged defendant's contention that it was immune from liability on the negligent design claim.

With respect to the nuisance claim, plaintiff's deposition testimony indicated that she was "positive" that she slipped on the metal plate, and that in the opinion of safety consultant Gerald Burko, the metal plate was unreasonably dangerous,

and unsafe because of its size, smooth surface, and the fact that it had a dip or depression. On the issue of notice, plaintiff demonstrated that Neforos reviewed only those records from the previous six months or year, and that the Division of Public Power had no comprehensive inspection plan.

Thereafter, in an entry journalized on March 19, 1993, the trial court granted the city's motion for summary judgment.

Plaintiff now appeals.

## II

In her first assignment of error, plaintiff argues that genuine issues of material fact precluded summary judgment on the nuisance claim.

As to procedure, we note that the granting of summary judgment is governed by Civ.R. 56(C), which provides in pertinent part as follows:

"(C) * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

■ Thus, pursuant to this rule, a trial court commits reversible error where it grants summary judgment in a matter where the material facts are in dispute, see, e.g., *Hickman v. Ford Motor Co.* (1977), 52 Ohio App.2d 327, 331, 6 O.O.3d 365, 367, 370 N.E.2d 494, 497, or where the moving party is not entitled to judgment as a matter of law, see, e.g., *Taylor v. Taylor* (Feb. 2, 1989), Cuyahoga App. No. 54927, unreported, 1989 WL 7940.

■ Although the motion forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial, *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, the burden is nonetheless on the moving party to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597, paragraph two of the syllabus.

As to the substantive law, this court has stated:

"Ohio law imposes a duty on a municipal corporation to keep its streets and sidewalks 'open, in repair and free from nuisance.' R.C. 723.01; *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59 [29 OBR 441, 505 N.E.2d 957]. Liability for damages for failure to perform such duty cannot arise except upon proof either that its agents or officers actually created the faulty condition from

which injury resulted or that it had notice thereof, actual or constructive. *Id.* (citing *Cleveland v. Amato* [1931] 123 Ohio St. 575 [176 N.E. 227]).

"In order to charge a municipality with constructive notice of a nuisance for which it may be liable under R.C. 723.01, it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered, it would have created a reasonable apprehension of a potential danger. *Beebe v. Toledo* (1958), 168 Ohio St. 203 [6 O.O.2d 1, 151 N.E.2d 738], syllabus." *Miller v. Cleveland* (Sept. 12, 1991), Cuyahoga App. No. 59258, unreported, 1991 WL 180073.

■ In this case, plaintiff's deposition established that there is a genuine issue of material fact as to whether she slipped on the metal plate. In addition, the expert report created a genuine issue of material fact as to whether this area constitutes a nuisance under R.C. 723.01. Moreover, the deposition of Neforos created a genuine issue of material fact as to whether the city had actual notice of the condition of the plate, pursuant to records older than one year.

Finally, the city's own evidentiary materials did not negate issues of material fact as to whether it had constructive notice of the condition of the plate, in light of whether it existed in such a manner that it should have been discovered, whether it existed for a sufficient time that it could have been discovered, and whether if it had been discovered it would have created a reasonable apprehension of a potential danger.

Accordingly, the city was not entitled to summary judgment on the nuisance claim.

Plaintiff's first assignment of error is well taken.

## III

■ In her second assignment of error, plaintiff claims that the city is not immune from liability.

In *Stipanovich v. Applin* (1991), 74 Ohio App.3d 506, 509, 599 N.E.2d 711, 713, this court stated as follows:

"R.C. 2744.02 classifies functions of political subdivisions in order to establish the types of situations where liability attaches. The exceptions to the application of immunity are specifically enumerated within the statute.

"R.C. 2744.02(A)(1) states in pertinent part:

"'*Except as provided in division (B) of this section,* a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an

employee of the political subdivision in connection with a governmental or proprietary function.' (Emphasis added.)

"This section creates an immunity for a political subdivision for acts and omissions of the subdivision or its employees in connection with a governmental or proprietary function."

R.C. 2744.01(C)(2) in turn gives the following examples of government functions:

"(j) The regulation of traffic, and the erection or nonerection of traffic signs, signals, or control devices;

"* * *

"(l) The provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system[.]"

However, pursuant to R.C. 2744.02(B), there are five exceptions to R.C. 2744.02(A) where a political subdivision is not immune from liability for acts or omissions by the subdivision or its employees in connection with a governmental or proprietary function. *Stipanovich v. Applin, supra.* Included among these is an exception to immunity where the political subdivision fails to keep public roads, streets, etc. within the political subdivision open, in repair, and free from nuisance. *Id.;* R.C. 2744.02(B)(3).

Thus, although a municipality enjoys immunity for some acts performed in the exercise of its governmental functions, R.C. 723.01 imposes liability upon a municipality for the creation or maintenance of a nuisance on a public street. *Stipanovich, supra.*

Accordingly, while the city is not immune on the nuisance claim, it is immune on the negligent design claim, unless the design amounts to a nuisance.

Plaintiff's second assignment of error is well taken in part.

*Judgment reversed*
*and cause remanded.*

NAHRA, P.J., JOHN F. CORRIGAN and PATTON, JJ., concur.