JOURNAL ENTRY AND OPINION
Plaintiff-appellant Arlene Hodge, Administratrix of the Estate of Kerina Darnell, Deceased appeals from the summary judgment entered in favor of the defendant-appellee City of Cleveland arising out of the plaintiff's wrongful death and survivorship action on behalf of the Estate resulting from a hit and skip driver striking the decedent at a crosswalk at which the City had formerly maintained a stop sign. Plaintiff claims that disputed issues of material fact precluded summary judgment. We agree and reverse the trial court's judgment and remand for further proceedings.
The hit and run accident in question occurred on May 17, 1997 at the corner of West 105th Street and Frontage Road in Cleveland, Ohio. Five-year-old Kerina Darnell ("Kerina") was crossing West 105th Street alone from a playground when she was fatally struck by a hit and run driver. The driver of the vehicle has never been identified.
On the day of the accident, Kerina and her seven-year-old brother, Michael, were playing, as was their custom, in a lot across the street from their mother's home. Their mother, Zerri Darnell Powers ("Darnell"), called the children home to get ready to go to McDonald's for dinner. The time was 3:30 p.m. Darnell was standing in the doorway of her home when she called the children.
The children necessarily had to cross West 105th Street to get home. Michael crossed the street safely and went directly into the bathroom to get ready for dinner. Darnell turned away to look in the mirror and fix her hair. The last time Darnell saw Kerina, Kerina was standing by the front porch of the house next to the empty lot across the street saying goodbye to her friend. Kerina was struck by the hit-and-run driver as she tried to cross the street. Apparently she stopped in the middle of the street to tie her shoe. Darnell did not see the accident because she was looking in the mirror.
At the time of the accident, Kerina and her brother were visiting with Darnell for the weekend. Darnell's mother, Arlene Hodge, had legal custody of the children since 1993. Darnell resided in the downstairs of a two-family home at 3086 West 105th
Street, which her mother had purchased in 1996.
Both Darnell and Hodge believed that there had once been a stop sign in place in the vicinity of 3086 West 105th Street. David Ritz, who worked for the City's Division of Traffic Engineering, in fact, admitted that a stop sign was erected on a utility pole in that spot on February 28, 1984. Hodge stated that since June 1996, however, when she purchased the house and Darnell moved in, there was no stop sign in place. Neither Darnell nor Hodge ever called the City to inquire about the stop sign.
Both Darnell and Hodge often allowed five-year-old Kerina to cross the street alone. In fact, Kerina was taught by her mother and grandmother to cross West 105th Street at the very place she was hit. When they instructed Kerina on how and where to cross the street, they did not rely on the fact that there was supposed to be a stop sign in place. Both Hodge and Darnell testified that traffic was light on this street.
The stop sign at issue was not mandated by the Ohio Manual of Uniform Traffic Control Devices (the "Manual") since neither W. 105th Street nor Frontage Street are through highways. However, as Ritz admitted, the City had installed a stop sign on a utility pole located on the sidewalk in front of 3086 West 105th Street in 1984. Ritz did not know how long the stop sign was missing and testified that, according to his records, the City was not notified of the missing sign until after the accident.
Officer Cielec, who investigated the accident, testified in his deposition that witnesses told him that Kerina was crossing the street, when she bent down to tie her shoe. At that point, a light blue Dodge, which was estimated to be traveling at the legal speed of 25 mph ran over the child. There were no skid marks at the scene and no one heard the car's brakes screech. He stated that the child was hit in the approximate area of where the stop sign would have been if it was not missing. Plaintiff's accident reconstruction expert came to the same conclusion and opined that the accident would not have happened if the stop sign was in place and the driver obeyed the law.
Officer Burkhardt testified in his deposition that he had investigated an accident in the same area on March 9, 1996. In that case, the driver had jumped the curb and ran into a fence. The officer admitted that he had noted in his report that there were "no controls" in the area, but said that he was not aware that there was supposed to be a stop sign there as he was not familiar with the area.
On October 31. 1997, the Estate filed the instant action against the City alleging negligence due to the missing stop sign. The City's motion for summary judgment was granted without an opinion and this timely appeal ensued.
We will address plaintiff's assignments of error in the order presented.
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER APPELLEE'S NEGLIGENCE WAS A PROXIMATE CAUSE OF DECEDENT'S DEATH.
Plaintiff contends that summary judgment was not proper because whether the missing stop sign was the proximate cause of the decedent's death was a question for the jury. We agree.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
The evidence attached to plaintiff's motion in opposition to the defendant's motion for summary judgment indicate that there were genuine issues of fact in dispute regarding whether the stop sign would have prevented the accident. The plaintiff submitted an expert report by David Uhrich in which he opined that "[i]f it [the stop sign] had been properly in place and if the driver who was driving the vehicle which struck Kerina had obeyed the law and stopped his vehicle at the stop sign, Kerina would not have been struck." Officer Cielec who investigated the accident shortly after it occurred stated in his deposition that the evidence at the scene indicated that the car which hit Kerina was traveling at the legal speed limit of 25 mph in its own lane of travel. (Depo. at 18-19). He also indicated that there were no skid marks and none of the witnesses heard a screeching of brakes. (Depo. at 18). He also indicated that Kerina was struck in the approximate area of where the stop sign would have been placed. Therefore, based on this evidence, if the driver had stopped at the stop sign, Kerina would not have been hit.
The question remains, however, whether the driver who was traveling down the street and apparently abiding by all the traffic laws would have stopped at the stop sign. We find that issue of whether the driver would have stopped to be a jury question. As the Ohio Supreme Court in Merchants Mutual InsuranceCompany v. Baker (1984), 15 Ohio St.3d 316, 318, citing, Casconev. Herb Kay Co. (1983), 6 Ohio St.3d 155, paragraph two of syllabus, held:
 "Where the facts are such that reasonable minds could differ as to whether the intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, whether the intervening act or cause constituted a concurrent or superseding cause, and whether the intervening cause was reasonably foreseeable by the original party guilty of negligence, present questions for submission to a jury which generally may not be resolved by summary judgment."
This Court in Benak v. City of Cleveland (June 9, 1994), Cuyahoga App. No. 64871, unreported, also addressed a missing stop sign case. In that case, a school bus ran into a child riding a bike. Apparently a stop sign was missing at the intersection where the accident occurred. We held regarding proximate cause:
 In Clinger v. Duncan (1957), 166 Ohio St. 216 at 223, 141 N.E.2d 156, the Supreme Court addresses the issue of proximate cause stating:
 "the term `proximate cause' is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability."
 Appellee claimed in its summary judgment motion that the absence of the stop sign was not the proximate cause of the accident because Merashoff [the boy] did not "yield the right of way to other vehicles * * * lawfully within the intersection," as required in R.C. 4511.13(A)
 R.C. 4511.13(A) dictates the right of way for traffic at intersections with signal lights and is, therefore, not controlling under the facts of this case. Furthermore, violation of a right of way statute is not negligence per se in Ohio. Garage Co. v. Spencer (1929), 121 Ohio St. 77, 166 N.E.2d 901. We cannot say, therefore, that Merashoff was negligent as a matter of law and accordingly, that under this theory the absence off the stop sign was not the proximate cause of the accident.
 On the basis of the affidavits and record before us, we find that a conflict exists and material issues of fact remain as to whether appellee City had notice of the absence of the sign. In addition, material issues of fact as to the cause of the accident remain to be determined. The facts as presented to the trial court, when construed most strongly in favor of the appellant;, do not warrant summary judgment. * * *.
Id. at 4.
We also do not find merit to the City's contention that the mother was the sole proximate cause of her daughter's death, as a matter of law. The mother and grandmother of the decedent testified in their deposition that only a few cars a day drove down the street and that the child, who was five years old, was instructed on how to cross the street. It is difficult to determine, as a matter of law, on the particular circumstances of this case, that the mother's failure to aid her daughter in crossing the street was the sole cause of the tragedy. The driver of the automobile may have struck the child notwithstanding the mother's vigilance.
Assignment of Error I is sustained.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEE WAS NOT SHIELDED FROM LIABILITY BY THE DOCTRINE OF SOVEREIGN IMMUNITY.
We note that the City relies on R.C. 2744.02, as it was amended by Am.Sub. H.B. No. 350, to support its contention that sovereign immunity operates as a defense to its failure to replace the missing stop sign. However, the Ohio Supreme Court in State ex.rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451
recently declared Am.Sub. H.B. No. 350 to be unconstitutional in toto. It is well established that a decision of the Ohio Supreme Court which strikes down a statute as unconstitutional is to be given retrospective application.Wendell v. Ameritrust Co., N.A. (1994), 69 Ohio St.3d 74, 77. Thus, we must construe the statute as it existed prior to H.B. No. 350.
R.C. 2744.02(B)(3), as it existed prior to H.B. No. 350, stated as follows:
 (3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *.
R.C. 723.01 also states:
 Municipal corporations shall have special power to regulate the use of the streets. Except as provided in section 5501.49 of the Revised Code, the legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance.
Therefore, pursuant to R.C. 2744.02(B)(3) and R.C. 723.01, a municipal corporation is liable in damages for its failure to keep its streets "open, in repair, and free from nuisance."
We agree with the City that the decision, in the first instance, whether to erect the sign or not is a policy decision protected by sovereign immunity. However, in the instant case, the decision to erect the sign was already made. The only issue was the City's liability for failure to maintain or replace the missing sign. Once the decision has been made to install a traffic control device such as a "stop sign" or "traffic control signal," then the failure to maintain the device may give rise to municipal liability pursuant to R.C. 723.01. Fankhauser v.Mansfield (1969), 19 Ohio St.2d 102, 109-110. See, also, Winwoodv. Dayton (1988), 37 Ohio St.3d 282, 282 (initial decision to install a traffic devise is discretionary and immune from liability; once decision to implement device is made, then the design, placement, maintenance and repair involves very little discretion and is therefore not immune) Strohfer v. Cincinnati
(1983), 6 Ohio St.3d 118, (the defense of sovereign immunity did not apply as city's negligence was based upon alleged negligence in erecting and maintaining traffic control devices, not in the decision whether to erect the devices); Stipanovich v. Applin
(1991), 74 Ohio App.3d 506 (defense of sovereign immunity did not apply when issue is the City's negligent maintenance of a traffic signal device); Benak v. City of Cleveland (June 9, 1994), Cuyahoga App. No. 64871, unreported ("Finally, we find that appellee does not enjoy sovereign immunity for its decision regarding maintenance or repair of traffic control devices. SeeBurns v. ODOT (1987), 39 Ohio App.3d 126, 128. These functions are ministerial in nature and do not involve the making of policy decisions")
We find the failure to replace a missing stop sign can constitute a nuisance even though it does not involve a physical obstruction to the roadway. The Supreme Court in Harp v. City ofCleveland Heights (Jan. 19, 2000), 87 Ohio St.3d 506, recently held that a tree branch above the highway which fell upon a passing motorist was a nuisance even though it was not blocking the free travel on the roadway. In so holding, the Court, citingFranks v. Lopez (1994), 69 Ohio St.3d 345, 348, found that there must be actual or constructive notice of the nuisance:
 In Vogel v. Wells (1991), 57 Ohio St.3d 91, 97, a nuisance case decided in part under R.C. 723.01, we reiterated that the political subdivision must have had "either actual or constructive knowledge of the nuisance" before liability can be imposed. There is constructive knowledge if "such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger. * * *
In the case herein, the plaintiff attempts to prove actual notice in her brief in opposition to the City's motion for summary judgment by citing to an alleged affidavit by a Brenda Moriarity in which she supposedly stated that she had complained to the City about the missing stop sign. However, no such affidavit is attached to the motion in opposition, therefore we cannot rely on this statement. The plaintiff also attempts to show actual notice by attaching the deposition of Officer Burkhardt who investigated an accident in the same spot on March 9, 1996. The officer noted in his report that there were "no controls" in the area of the accident. This did not constitute notice of the missing stop sign, as the officer stated in his deposition that he did not know the area, and therefore had no idea that a stop sign should have been in that spot.
Although we find on this record that the plaintiff failed to show actual notice, we find there is a disputed issue of material fact regarding whether the City had constructive notice. Arlene Hodge testified in her deposition that when she had purchased the home in June 1996, there was no stop sign at that spot. David Ritz of the City's Division of Engineering admitted that a stop sign was erected in that spot on February 29, 1984, but that he did not know how long the sign had been missing. Based on this information, it could be inferred that the stop sign was missing from June 1996 until May 1997 when the accident occurred. Therefore, it becomes an issue of fact whether this was a sufficient length of time to constitute constructive notice. SeeCleveland Heights v. Harp, supra.
We find no merit to the City's contention that since the stop sign was not mandated by the Ohio Uniform Traffic Manual, it had no duty to replace the sign. Once the City chose to place the sign at this spot it had a duty to maintain the sign. "[O]nce the policy has been made to engage in a certain activity or function, municipalities will be held liable, the same as private corporations and persons, for negligence of their employees in the performance of activities." Enghauser Mfg. v. ErikssonEngineering (1983), 6 Ohio St.3d 31, 36. In fact, the City admitted in Numbers five and six of plaintiff's request for admissions that it had maintained the stop sign in question and that it had a duty to maintain traffic control devices erected in the City.
Assignment of Error II is sustained.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: Reversed and Remanded.
KENNETH A. ROCCO, P J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ___________________________ JAMES M. PORTER, JUDGE