JOURNAL ENTRY AND OPINION
Plaintiff-appellants Toysie Head (worker) and his wife Edith appeal the trial court's grant of summary judgment to defendants-appellees, Arthur Brooks (homeowner) and the City of Cleveland Heights (city).
Appellant worker had done yardwork for appellee homeowner at his home in appellee city for over ten years. In November 1996, on an icy day, worker had raked a five-foot pile of leaves onto the tree lawn and curb of homeowner's property. When he left, it was dusk, and the weather was windy and icy. Although worker had noticed a hole in the sewer grate at the curb when he arrived to begin raking, he stated that he did not pay much attention to it. After he finished raking, he was walking in the street along the curb because the sidewalk was icy. The hole in the sewer grate was covered with the leaves he had raked to the curb and he did not see it. He stepped into the hole and fell. He filed suit against the homeowner and the city for negligence. Homeowner and the city filed cross-claims for indemnity and contribution with their answers.
The defendants filed motions for summary judgment on May 18th and 19th of 2000. Worker did not file a timely response to the motions. On July 5, 2000, the court granted both motions. The journal entry, filed on July 10, 2000, stated, Defendants City of Cleveland Heights and Arthur Brooks motions for Summary Judgment, filed 5/18/00 and 5/19/00 respectively, are granted as unopposed. Final. At 5:21 PM on July 10th, worker filed a motion for extension of time to respond to the motions for summary judgment. The court denied the motion as untimely and stated that the motions had already been ruled on. Worker timely filed this appeal.
For his sole assignment of error, appellant states
 THE TRIAL COURT ERRED IN GRANTING THE MOTIONS OF THE DEFENDANTS, CITY OF CLEVELAND HEIGHTS AND ARTHUR BROOKS, FOR SUMMARY JUDGMENT AS UNOPPOSED. [sic]
Worker argues two issues under this assignment of error. First, he claims that because the court did not specifically rule on the two defendants' cross-claims, the court order granting the summary judgment motions was not a final appealable order. Second, worker claims that the wording of the court's order stating that the summary judgment motions were granted as unopposed meant that the court entered a default judgment for defendants without actually looking at the merits of the motions.
FINAL APPEALABLE ORDER
The threshold question is whether the judgment entry of the court is a final appealable order. Worker claims that because the trial court failed to dismiss the cross-claims of the defendants, the ruling is not a final appealable order.
How a final appealable order operates is governed by Civ.R. 54(B), which states:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties.
If by resolving one of the claims, however, the trial court makes the others moot, then the order is final. A judgment for the defendant in a civil action, which judgment renders the defendant's third-party complaint for indemnification or contribution moot, is a final appealable order pursuant to R.C. 2505.02[1] and Civ.R. 54(B) is not applicable to such a judgment. Wise v. Gursky (1981), 66 Ohio St.2d 241, syllabus. Therefore, even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable. General Accident Insurance v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 21.
In the instant case, the defendants' cross-claims were only for indemnification and contribution. Because summary judgment in both the defendants' favors mooted their claims for indemnification and contribution, the trial court's order is final and appealable even though it did not expressly dismiss those claims.
In his sole assignment of error, worker also challenges the wording of the trial court's judgment entry. The entry states:
 Defendants City of Cleveland Heights and Arthur Brooks motions for Summary Judgment, filed 5/18/00 and 5/19/00 respectively, are granted as unopposed. Final. Worker claims that the court's use of the wording granted as unopposed indicates that the court relied on the lack of opposition to make its decision rather than assessing the merits of the case. While it is certainly preferable for the trial court to give its reasons for its ruling, Civ.R. 52 expressly states that findings of fact and conclusions of law are unnecessary in the disposition of a motion made pursuant to Civ.R. 56. Stanton v. Miller (1990), 66 Ohio App.3d 201, 206.
Nor is a reviewing court bound to the lower court's finding or reasons for granting summary judgment. The appellate court reviews any summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. The appellate court must review the record following the standards set forth in Civ.R. 56(C), which specifically provides before summary judgment may be granted, the following must be determined:
* * *
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 273-274.
Aglinsky v. Cleveland Builders Supply (1990), 68 Ohio App.3d 810,814.
Once the moving party has presented evidence showing that no material fact exists and that summary judgment is proper, the party opposing the motion has a reciprocal burden to respond by affidavit or as provided in section (C) [of Civ.R. 56] setting forth specific facts explaining that a genuine issue for trial exists. Jackson v. Alert Fire and Safety Equipment (1991), 58 Ohio St.3d 48, 52. Thus if the complaint does not contain enough evidence to counter the evidence in the moving party's motion for summary judgment, a party who fails to respond to a motion for summary judgment cannot prevail.
HOMEOWNER
Worker's complaint alleges that homeowner Brooks was negligent in his failure to maintain the sewer grating in a safe condition. In both his answer and his motion for summary judgment, homeowner responds that because the sewer grate was on the public road and not on homeowner's property he had no duty to maintain it.
In order to establish a cause of action for negligence, the complaining party must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom. Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142. In the instant case, worker has failed to prove that any duty existed on the part of homeowner to maintain the sewer in question. In fact, worker admits in his deposition that the sewer was located in the street. Because he failed to prove that the accident occurred on homeowner's property, worker has failed to present evidence showing that homeowner owed any duty to him in preventing this accident. Absent such proof, appellant cannot avoid summary judgment.
The trial court's ruling granting summary judgment to appellee Arthur Brooks is affirmed.
CITY OF CLEVELAND HEIGHTS
Worker also alleges that City was negligent and that its negligence was the proximate cause of his injury. City admits that the sewer in question is on its property but argues that it is immune from liability as a political subdivision under R.C. 2744. Alternately, city argues that the hole in the sewer was open and obvious. Finally, the city argues that worker was more than 50% contributorily negligent when he created the hazard by covering the sewer opening with the leaves he raked.
Statutory immunity is conferred on political subdivisions by R.C. 2744. Included as a governmental function is provision, nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system * * *. R.C.2744.01(C)(2)(1).
This immunity is not limitless, however, and R.C. 2744.02(B)(3) states that * * * political subdivisions are liable for injury * * * to persons * * * caused by their failure to keep public roads * * * within the political subdivision open, in repair, and free from nuisance * * *. This court has previously held, however, that liability for failure to perform this duty is only imposed if the political subdivision has actual or constructive notice of the problem which causes the injury. Hamila v. City of Cleveland(1993), 91 Ohio App.3d 618, 620-621. In order to charge a municipality with constructive notice of a nuisance, it must appear that such nuisance existed for a sufficient length of time to have been discovered, and that if it had been discovered, it would have created a reasonable apprehension of a potential danger. Jackson v. City of South Euclid (Sept. 28, 1995), Cuyahoga App. No. 68168, unreported, 1995 Ohio App. LEXIS 4338, at *5-6.
The Supreme Court of Ohio recently reinforced this holding in Harp v. City of Cleveland Heights (2000), 87 Ohio St.3d 506, when it held that although a municipality does not have sovereign immunity protecting it from suit if the injury occurs from a failure to keep a road free of nuisance, the city cannot be held liable without actual or constructive notice of that hazard or nuisance. In Harp, plaintiff sued the city after the branch of a tree owned by the city fell onto plaintiff's decedent's car and killed her. The Court held that the city had a duty to protect those passing under the tree from injury resulting from the tree. The court found, however, that the city had inspected the tree and found it was not a hazard. The city had received no further notice to the contrary prior to decedent's accident. This lack of constructive or actual notice on the part of the city precluded liability for the injury. Similarly here, the city presented several affidavits showing a lack of notice of any flaw in the sewer grating. The city, therefore, cannot be held liable for the injury to worker.
Worker in this case admitted in his deposition that although he saw the sewer cover when he first arrived at work on the day of the accident, [t]ruly speaking, [he] didn't pay too much attention to the grate or any hole it may have had. He also stated that the previous summer he had noticed the grate and had seen the hole next to the grate * * *. Worker supplied no evidence, however, to show that he or anyone else notified the city of any defect in the grate. City, on the other hand, provided affidavits sworn by the records officers for the city's police department, the housing programs manager, the utilities manager, and the public works director, all of whom testified that the city had no notice of any problem with the curb or sewer at the location of worker's accident.
Although worker's testimony indicates that he was aware of a defect in the sewer cover for several months before his fall, the city had no duty to inspect the sewer for a defect absent notice of a problem. This court has held that the duty to inspect is a governmental function to which sovereign immunity attaches. * * * Accordingly, we cannot infer appellee had constructive notice by its failure to inspect a sewer basin when appellee had no notice of its defective condition. Austin v. City of Cleveland (Feb. 2, 1995), Cuyahoga App. No. 66575, unreported, 1995 Ohio App. LEXIS 370, at *10-11.
Because the city had no notice of any defect in the sewer cover, it had no duty to protect worker from any injury incurred by a fall resulting from that defect. Having failed to provide evidence of a duty on the part of the city, worker has not provided any basis to overcome the city's defense of immunity. Thus worker has failed to show a genuine issue for trial.
The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES J. SWEENEY, J., CONCUR.
[1] Although this statute was revised in 1998, the new statute merely adds to the original statute without changing the meaning of the contents of the original. The case of Wise v. Gursky, therefore, still applies.