Matthias, J.
 

 This action is based upon the charge of failure upon the part of the city
 
 to keep its
 
 sidewalks “open, in repair, and free from nuisance,” as required by the provisions of Section 3714, General Code. The theory upon which this case was tried and submitted was that the doctrine of
 
 res ipsa loquitur
 
 applied, and it was evidently upon that question that the Court of Appeals divided.
 

 The sole facts upon which plaintiff based her right to recover, as disclosed by the evidence, were that five days prior to her claimed injury an employee of the city water department of the city of Cleveland had caused the metal disk to be removed from the manhole in question for the purpose of reading the water meter; concerning which the employee testified that he had properly replaced the disk, but further testified that its mechanical construction was such that it could not tilt if properly located on the
 
 *577
 
 manhole. Hence, unless the doctrine of
 
 res ipsa loquitur
 
 does apply, it was the duty of the trial court to direct a verdict in favor of the city. It is sought to charge the city with liability without proof of negligence, and without proof of notice, actual or constructive, of the existence of a dangerous condition, upon the theory that the manhole - in question was under the exclusive management and control of the city of Cleveland and that the mere fact that an injury resulted from displacement of the disk gives rise to a right to recover damages from the city by a person thereby injured.
 

 We are of the opinion that the doctrine
 
 res ipsa loquitur
 
 has no application to this case. The duties and obligations imposed by the statute are in derogation of the common law, and the rule of strict construction therefore applies. Liability of a municipality arises, only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality had actual or constructive notice of its existence.
 

 The portion of the sidewalk occupied by this manhole was no more in the exclusive control of the city than any other portion of that walk or any other public walk of the city. Other persons could remove that cover, just as they might cause obstructions or make an opening or excavation in any portion of such walk. There was no evidence that the manhole cover was defective; indeed such evidence as was offered on the subject was to the contrary. Upon the facts disclosed the burden was not properly cast upon the city, nor could it properly be required to absolve itself from the charge of negligence by proving that the cover had been misplaced by others and
 
 *578
 
 that it had no notice, actual or constructive, of such condition. This view is supported by the following cases:
 
 Gunning
 
 v.
 
 King,
 
 229 Mass., 177, 118 N. E., 233;
 
 City of Natchez
 
 v.
 
 Cranfield,
 
 155 Miss., 540, 124 So., 656;
 
 City of Corbin
 
 v.
 
 Benton,
 
 151 Ky., 483, 152 S. W., 241, also 43 L. R. A. (N. S.), 591, where other cases are cited and annotated.
 

 It follows that the court of common pleas should have sustained the motion for a directed verdict in favor of the defendant, and that the Court of Appeals likewise erred in its judgment of affirmance.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Marshall, C. J., J ones, Day, Allen, Kinkade and Eobinson, JJ., concur.