Ruwe et al., Appellees, *v.* Board of Township Trustees of Springfield Township; City of Wyoming, Appellant.

[Cite as Ruwe *v.* Bd. of Springfield Twp. Trustees (1987), 29 Ohio St. 3d 59.]

(No. 86-533—Decided April 1, 1987.)

*Thomas J. Ruwe* and *John W. Dressing,* for appellee Barbara Ruwe.
*Perry L. Ancona,* for appellee David Pinkelton.
*John L. Heilbrun,* for appellee Lawrence A. Pinkelton.

*Lindhorst & Dreidame Co., L.P.A., John A. Goldberg* and *Thomas M. Tepe,* for appellant.

*Per Curiam.* The primary issue in this case is whether summary judgment was properly granted for appellant. We hold that summary judgment was properly granted and, accordingly, reverse the decision of the court of appeals.

The basis for this negligence action arises out of the duty placed upon municipal corporations under R.C. 723.01. That section provides: "Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of a municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, *and shall cause them to be kept open, in repair, and free from nuisance.*" (Emphasis added.) The principle embodied in R.C. 723.01 has been a subject of much review by this court. As its object, R.C. 723.01 places an obligation on municipalities to keep highways and streets open for the purpose for which they are designed; that is, to afford the public a safe means of travel. *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429, 430, 6 OBR 473, 475, 453 N.E. 2d 604, 605.

Paragraph one of the syllabus in *Cleveland* v. *Amato* (1931), 123 Ohio St. 575, 9 Ohio Law Abs. 606, 176 N.E. 227, states: "The duty imposed upon municipalities by the provisions of Section 3714, General Code [predecessor to R.C. 723.01], is the exercise of ordinary care to keep its streets, sidewalks, and other public ways open, in repair and free from nuisance. Liability for damages for failure to perform such duty cannot arise except upon proof either that its agents or officers actually created the faulty condition from which injury resulted or that it had notice thereof, actual or constructive."

Appellees have brought this action alleging that appellant was negligent in failing to meet its duty to keep the public highways "free from nuisance." There is no evidence presented that appellant created the nuisance or had actual notice thereof. Appellees maintain that the evidence in the record indicates that the muffler exhaust system was in close proximity to appellant's corporation line for a period of time which was sufficient in length to find that appellant had constructive notice of the "nuisance." Thus, appellees argue that the appellant was negligent in failing to "guard against" the entrance of such "nuisance" into its corporate limits. The court of appeals held that it was for the trier of fact to determine whether appellant was "negligent *vis-a-vis* the muffler and tail pipe's presence on *or near* one of the city's highways and whether the injuries sustained resulted therefrom." (Emphasis added.) We disagree.

Appellant contends that in a negligence action under R.C. 723.01 it is error to charge a municipal corporation with constructive notice of a nuisance while the nuisance in question exists outside the corporate limits of the municipality. We are persuaded by this contention. It has often been

stated that R.C. 723.01 must be strictly construed. *Lovick* v. *Marion* (1975), 43 Ohio St. 2d 171, 173, 72 O.O. 2d 95, 97, 331 N.E. 2d 445, 447; *Gabris* v. *Blake* (1967), 9 Ohio St. 2d 71, 74, 38 O.O. 2d 199, 201, 223 N.E. 2d 597, 600. R.C. 723.01 requires municipal corporations to keep the public highways and streets *within* their municipality open, in repair and free from nuisance. We refuse to place the additional burden of inspecting and maintaining the highways and streets of neighboring jurisdictions on a municipality. A municipal corporation is not an insurer against accidents upon its streets. *Village* v. *Kallagher* (1894), 52 Ohio St. 183, 186, 39 N.E. 144, 145. See, also, *Taylor* v. *Cincinnati* (1944), 143 Ohio St. 426, 447, 28 O.O. 369, 377, 55 N.E. 2d 724, 733.

In the cause *sub judice,* probative evidence[2] before the trial court placed the muffler exhaust system within appellant's corporate limits approximately one hour and fifteen minutes prior to the accident. This same evidence demonstrated that the muffler exhaust system was near but not within appellant's corporate limits at least twenty-four hours prior to the accident. The trial court considered the further factors that a muffler is a transient object and that it was on the highway in the sparsely populated outskirts of Wyoming on a Sunday afternoon. As stated in *Taylor, supra,* at 447, 28 O.O. at 377, 55 N.E 2d at 733: " 'The duty resting upon municipal corporations * * * to keep their streets and other public ways "open, in repair, and free from nuisance," requires reasonable care and vigilance, in view of all the surroundings, to keep such streets and ways in a reasonably safe condition for travel in the usual and ordinary modes, *but does not exact that which is impracticable.* * * *' " (Emphasis added.) Based upon the evidence presented and the foregoing legal principles, we agree with the decision of the trial court and hold as a matter of law that there was no constructive notice to appellant of the muffler exhaust system's presence of West Galbraith Road.

An additional issue in this action concerns a motion for a protective order pursuant to Civ. R. 26(C) which was granted by the trial court in favor of appellant. That order was an exercise by the court of the discretion vested in it by Civ. R. 26(C). See *State, ex rel. Gross,* v. *Marshall* (1974), 39 Ohio St. 2d 92, 94, 68 O.O. 2d 54, 55, 314 N.E. 2d 170, 172. The standard for "abuse of discretion" is readily defined as more than error of law or judgment, but implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. *State, ex rel. Cook,* v. *Zimpher* (1985), 17 Ohio St. 3d 236, 240, 17 OBR 474, 477, 479 N.E. 2d 264, 266; *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 250, 15 OBR 379, 389, 473 N.E. 2d 768, 780; and *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 3d 230, 232, 12 OBR 313, 315, 466 N.E. 2d 875, 877. We find nothing akin to this standard in the present case.

---

[2] The evidence consisted of various affidavits of witnesses who saw the muffler exhaust system along different portions of West Galbraith Road on February 9 and 10, 1980.

Civ. R. 56(C) provides that summary judgment shall be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *State, ex rel. Cuyahoga Cty. Hosp., v. Bur. of Workers' Comp.* (1986), 27 Ohio St. 3d 25, 28, 27 OBR 442, 444, 500 N.E. 2d 1370, 1373. We find that summary judgment was properly granted in favor of appellant.

Accordingly, we reverse the decision of the court of appeals and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.