**GUERRERO, Appellant,**

v.

**CITY OF TOLEDO et al., Appellee.**

[Cite as *Guerrero v. Toledo* (1996), 114 Ohio App.3d 8.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–001.

Decided Sept. 13, 1996.

*William R. Ahern,* for appellant.

*Edward M. Yosses* and *Geoffrey H. Davis,* for appellee.

---

*Per Curiam.*

This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, granting a motion for summary judgment in favor of defendant-appellee, the city of Toledo.

The undisputed facts of this case are as follows. On April 9, 1991, plaintiff-appellant, Gilbert Guerrero, was working at DeVeaux Junior High School. At approximately 2:30 p.m., appellant stepped from a school bus and onto a manhole/pullbox cover, which flipped and dropped appellant approximately two and one-half feet into the hole. Appellant sustained injuries as a result of the fall which required medical treatment.

On March 30, 1993, appellant filed a negligence action against appellee. Specifically, appellant asserted that the bolts on the manhole cover were missing and that appellee negligently failed to replace them after agents of appellee had previously accessed the manhole. In addition, appellant asserted that appellee's actions were wanton and reckless. Appellee denied liability and subsequently moved for summary judgment. This motion was supported by the deposition of Gerard D. Ruetz, Superintendent of Traffic Signals, and the affidavit of Barbara J. Jones, Chief Signal Engineer for the city of Toledo, which included a search of the Daily Traffic Signal Maintenance Reports of the Division of Transportation. Appellant responded with a memorandum in opposition supported by his own deposition and the affidavit of James Fuelling, the building operator at DeVeaux.

On November 29, 1995, the trial court granted appellee's motion for summary judgment and dismissed appellant's complaint with prejudice. In particular, the trial court held that appellant failed to present sufficient evidence that appellee caused the defect in the manhole, or that appellee had actual or constructive notice of the defective manhole which caused appellant's accident. It is from this decision that appellant sets forth the following three-part assignment of error.

"I. Defendant's motion for summary judgment should not have been granted since there are genuine material issues of fact still in dispute.

"A. The trial court erred in granting defendant's motion for summary judgment since material issues of fact are in dispute as to defendant's actual notice of the defective nature of the manhole in question.

"B. The trial court erred in granting defendant's motion for summary judgment since material issues of fact are in dispute as to defendant's constructive notice of the defective nature of the manhole in question.

"C. The trial court erred in granting defendant's motion for summary judgment since material issues of fact are in dispute as to defendant's general knowledge of the defective nature of the manhole in question."

This court, in reviewing a summary judgment, must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment bears the burden of delineating which areas of the opponent's claim raise no genuine issues of material fact. The moving party may support its assertions "by affidavits or otherwise as allowed by Civ.R. 56(C)." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

Appellant contends that the trial court erred in granting the city summary judgment because genuine issues of material fact remained on the issues of whether the city had actual knowledge, constructive knowledge and/or general knowledge of the defective manhole cover.

In *Berger v. Port Clinton* (1993), 96 Ohio App.3d 45, 48, 644 N.E.2d 658, 660, this court stated:

"R.C. 723.01 imposes a duty upon municipal corporations to keep public roads * * * and other public places 'open, in repair, and free from nuisance.' Further, R.C. 2744.02(B)(3) provides that a municipal corporation is 'liable for injury, death, or loss to persons or property caused by [the municipal corporation's] failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivision open, in repair, and free from nuisance.' However, a municipality can be held liable for failing to maintain public ways only upon proof that such municipality's ' " 'agents or officers actually created the faulty condition from which injury resulted or that [the municipality] had notice thereof, actual or constructive.' " ' *Ruwe v. Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St.3d 59, 60, 29 OBR 441, 442, 505 N.E.2d 957, 958, * * * quoting *Cleveland v. Amato* (1931), 123 Ohio St. 575, 176 N.E. 227, * * * paragraph one of the syllabus."

In the present case Barbara J. Jones, the Chief Signal Engineer for the city of Toledo, stated by way of affidavit that she personally searched the Daily Traffic Signal Maintenance Reports of the Division of Transportation from the period of September 8, 1990 to April 20, 1991, the day of appellant's accident. From these records, Jones found no indication of complaints or comments of a defect in the

manhole cover. Additionally, according to the deposition of Gerard Ruetz, in 1990, the city moved a traffic light at a nearby intersection and in doing so accessed electric lines by removing the manhole cover. Ruetz testified that after the work was completed, he conducted a general inspection of the area, that the men under him would have made sure the lid was properly secured after the project was completed, and that if the manhole cover was in a state of disrepair he would have been notified. Ruetz further testified, however, that it was possible that the bolts were not replaced after that work was completed and that it was also possible that the bolts were ripped off by a lawnmower or snow plow. In response to this evidence, appellant filed his own deposition and the affidavit of James Fuelling. In particular, Fuelling stated:

"Approximately two summers ago a manhole, which is located in front of the school on Sylvania Avenue, was assessed [*sic*] when the traffic light was moved. The light was moved approximately 150 feet east at the driveway entrance. To my knowledge, the circular cover for the manhole was never secured with bolts after the work was completed. From what I could see, the cover sat recessed inside a lip of dirt. I thought it was like an accident waiting to happen."

In our view, the conflict in the testimony of Ruetz and Fuelling raises a genuine issue of material fact as to whether appellee created the hazardous condition which caused appellant's injuries. Accordingly, the trial court erred in granting the city's motion for summary judgment and the assignment of error is well taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment accordingly.*

HANDWORK, GLASSER and SHERCK, JJ., concur.