DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellant, the city of Akron, appeals the judgment of the Summit County Court of Common Pleas denying its motion for summary judgment. We reverse.
In March 1994, appellee Rebecca Infante was walking in downtown Akron when she stepped into a water-filled hole in the sidewalk and injured herself. This hole is described in the record as round, eight-and-one-half inches in diameter and at least two feet deep. Infante thereafter filed suit against the city of Akron ("the city") for her injuries. The city moved for summary judgment and the lower court denied the motion. The city appeals, pursuant to R.C. 2744.02(C), raising two assignments of error. We will refrain from discussion of the second because we find the first dispositive.
 I. THE TRIAL COURT ERRED IN DENYING THE CITY OF AKRON'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE CITY IS IMMUNE FROM LIABILITY AND APPELLEE FAILED TO PRODUCE EVIDENCE WITH REGARD TO EACH ELEMENT OF THE RELEVANT EXCEPTION TO IMMUNITY.
R.C. chapter 2744 provides a political subdivision with immunity from civil liability for any injury caused to persons in the course of the performance (or lack thereof) of its governmental or proprietary functions. R.C. 2744.01(C)(2)(e) specifically denotes maintenance and repair of city sidewalks as a governmental function. However, R.C. 2744.02(B) cites several exceptions to the immunity rule. R.C. 2744.02(B)(3) provides that a city is liable for any injury to a person resulting from the city's failure to keep sidewalks in repair and free from nuisance. Both parties agree that in order to recover under this exception, Infante must prove the city had a duty, breached that duty, and that she sustained an injury as a result therefrom.
Both R.C. 723.01 and R.C. 2744.02(B)(3) make it clear the city does have a duty to keep its sidewalks in repair and free from nuisance. This duty, however, is not absolute. Liability for the failure to perform this duty "`cannot arise except upon proof either that [the city's] agents or officers actually created the faulty condition from which injury resulted or that it had notice thereof, actual or constructive.'" Ruwe v. Bd. ofSpringfield Twp. Trustees (1987), 29 Ohio St.3d 59, 60, quotingCleveland v. Amato (1931), 123 Ohio St. 575, paragraph one of the syllabus.
As indicated, the city moved for summary judgment in the lower court. Summary judgment is properly granted where no genuine issues of material fact remain to be litigated and where, construing the evidence most strongly in favor of the nonmoving party, the moving party is entitled to judgment as a matter of law. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
In this case, the city moved for summary judgment arguing that Infante could not produce evidence sufficient to raise a genuine issue of material fact as to every necessary element of her claim. Specifically, the city argued that Infante could not prove that it, its agents or its officers created the hole in the sidewalk or had actual or constructive notice thereof. By arguing that Infante could not prove her case, the city bore the initial burden of demonstrating there were no genuine issues of material fact concerning this essential element of her claim. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. In order to do this, the city was required to point to or provide evidentiary materials of the type listed in Civ.R. 56(C) which supported its contention.Id. at 292-293. First, the city presented the affidavit of Mr. Robert Clary, an engineering technician in the city's Bureau of Engineering. Clary researched the hole which caused Infante's injury and concluded it had resulted from the removal of an East Ohio Gas Company valve box. Second, the city presented the affidavit of Mr. Ernest Chudick, a zoning officer in the city's Public Service Plans and Permits Center. Chudick stated the city had received no complaints and was not otherwise notified of the existence of this hole. Third, the city pointed to evidence in the record suggesting the hole could not have existed long enough to conclude the city had constructive notice of it. The city therefore carried its burden under Dresher by supporting its summary judgment motion with evidence suggesting Infante could not prove the city created the hole or had actual or constructive notice thereof.
"[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E)." Id. at 293. Civ.R. 56(E) provides that the nonmoving party may not merely rest on the allegations or denials of its pleadings, but must set forth specific facts showing there is a genuine issue for trial. In response to the city's motion in this case, Infante asserted that "the City did participate in the creation of the hole." Her only support for this assertion, however, is her statement that in order to create such a hole, a party must obtain a permit from the city. Because a city permit was required, so her argument goes, the city must have participated in and had actual notice of the hole's existence. She failed, however, to produce a copy of the permit. Her explanation for this failure was as follows:
 Plaintiff has, through discovery, requested a copy of any permits issued relative to the hole. The Plaintiff has been told by the City that no permit can be found. However, Mr. Chudick testified in his deposition that it is not unusual that the City would not have a permit for work performed, such as the drilling of this hole.
Such explanation is in complete contradiction to Infante's own argument regarding participation and actual notice, as set forth above. Her entire theory of participation and actual notice was based on the fact that a permit was required, but she then not only failed to present the permit, she admitted that sometimes permits were not obtained despite the requirement. Infante failed to present any specific facts proving the city participated in or had actual notice of the existence of the hole.
Infante has not attempted to argue the city had constructive notice of the hole. She presented no evidence as to how long the hole might have existed prior to her injury. She only produced evidence that the hole was full of water and that it had rained hard the morning of her fall.
In summary, Infante admits that to succeed in her injury claim, a necessary element she must prove is that the city either created the hole or had actual or constructive notice of it. In moving for summary judgment, the city presented evidence that Infante could provide no such proof. In response, Infante did not argue the city had constructive notice. Instead, she claimed the city had "participated" in creating the hole and thereby had actual notice of it. She based this argument strictly on the city's permit requirement. She presented no evidence, however, that such a permit was ever obtained and she admitted that sometimes such permits are not obtained. Her unsupported assertions as to participation and actual notice are insufficient to carry her burden under Dresher. For this reason, we find the city successfully demonstrated there was no genuine issue of material fact concerning this element of Infante's claim and that the city was, therefore, entitled to judgment as a matter of law. The city's first assignment of error is well taken and its second is thereby rendered moot.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ DANIEL B. QUILLIN
FOR THE COURT
SLABY, P. J.
QUILLIN, J., J. CONCUR.