OPINION
Appellant Jeffrey Schmidt is appealing the decision of the Richland County Court of Common Pleas that granted Appellee City of Mansfield's motion for summary judgment. The facts giving rise to this appeal are as follows.
November 21, 1994 was an extremely windy day in the City of Mansfield. At approximately 2:00 pm., the traffic light at Main Street and Park Avenue malfunctioned. The signal outage was due to a faulty underground power feed cable. By 2:45 pm., the Sign and Signal Department had replaced the underground cable and the signal was back to normal operation.
Subsequently, at approximately 6:55 pm., Police Officer Joann Krausman noticed that the signal facing southbound on Main Street was not illuminated. She contacted the dispatcher who informed Russell Bradshaw, the night desk employee of the Street Department, about the signal outage. Mr. Bradshaw immediately contacted Rick Hildebrand, the supervisor of the Sign and Signal Department, at home, to inform him of the problem. Mr. Hildebrand dispatched a repairman. A total of six minutes passed between the time the Sign and Signal Department received notice of the malfunctioning traffic signal and the accident injuring appellant.
The accident at issue occurred at 7:01 pm. between appellant's southbound vehicle on Main Street and Robert Prichard's vehicle eastbound on Park Avenue. The repairman, Brian Shook, from the Sign and Signal Department, arrived at the intersection. He was the same person that repaired the signal earlier in the day. Upon inspection, Brian Shook discovered that the main fuse in the controller box to the signal had blown. The blown fuse was not related to the faulty underground power feed repaired earlier in the day.
Appellant filed his complaint on November 20, 1996. Appellee City of Mansfield filed its motion for summary judgment on July 30, 1997. On September 25, 1997, the trial court filed a judgment entry entering summary judgment on behalf of appellee. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE CITY OF MANSFIELD NEGLIGENTLY MAINTAINED THE INTERSECTION OF PARK AVENUE AND MAIN STREET IN FAILING TO MAINTAIN A PROPERLY WORKING TRAFFIC CONTROL DEVICE.
 II. THE CITY OF MANSFIELD, AND MORE PARTICULARLY THE MANSFIELD POLICE DEPARTMENT, WAS NEGLIGENT IN FAILING TO DIRECT TRAFFIC AT A MAJOR CITY INTERSECTION WHEN THE ELECTRONIC TRAFFIC CONTROL DEVISE WAS MALFUNCTIONING.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review appellant's assignments of error.
 I
Appellant contends, in his first assignment of error, that Appellee City of Mansfield negligently maintained the intersection of Park Avenue and Main Street in failing to maintain a properly working traffic control device. We disagree.
The statute requiring a municipality to care, supervise and control its streets is R.C. 723.01. This statute provides, in pertinent part:
 * * * the legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance.
The parties agree that R.C. 723.01 creates a negligence standard when determining whether a municipality may be held liable for accidents occurring or allegedly occurring based upon a failure of the municipality to keep the streets and highways "* * * open, in repair, and free from nuisance." Subsequent to this accident, the General Assembly modified R.C. 723.01 to clarify and codify the negligence standard as outlined in the common law.
Chapter 2744 of the Revised Code, pertaining to political subdivision tort liability, classifies maintenance and repair of streets and highways as a "governmental function". Therefore, an exception to a political subdivision's immunity from liability may occur under certain circumstances for a failure to keep streets and highways "* * * open, in repair and free from nuisance." See R.C. 2744.01(C)(1)(e) and R.C. 2744.02(B)(3).
In support of this assignment of error, appellant refers to the case of Fankhauser v. City of Mansfield (1969), 19 Ohio St.2d 102. In Fankhauser, the court held:
 A petition, alleging that a municipality failed to repair an electric traffic signal after receiving reasonable notice that the signal was not functioning properly and that the malfunction caused a dangerous condition which caused the automobile accident resulting in plaintiff's injuries, states a cause of action against the municipality for maintaining a nuisance in violation of Section 723.01, Revised Code.
However, if the municipality did not create the faulty condition, no liability can arise except upon proof that it had actual or constructive notice of such condition. City of Cleveland v. Amato
(1931), 123 Ohio St. 575, paragraph one of the syllabus. Thus, before liability can attach, a municipality must have had actual or constructive notice of a nuisance condition and must have failed to correct the condition within a reasonable time after having received such notice. Taylor v. City of Cincinnati (1944),143 Ohio St. 426, paragraph five of the syllabus.
In the case sub judice, the evidence indicates that Appellee City of Mansfield had actual notice of the malfunctioning traffic light at Main Street and Park Avenue. Although appellant is able to establish that appellee had actual notice, he cannot establish that appellee failed to correct the condition within a reasonable amount of time after having received notice. The evidence establishes that the accident occurred merely six minutes after the light was first reported as malfunctioning. The repair person from the Sign and Signal Department arrived on the scene approximately forty minutes after appellee first received notice that the traffic signal was malfunctioning. Part of this delay was due to the fact that the Sign and Signal Department was closed and a repair person had to be contacted at home to do the work. Once on the scene, the traffic signal was repaired within ten minutes.
It would be an unduly burden to find that appellee had a duty to repair the traffic signal within six minutes of receiving notice that it was malfunctioning. Especially when the Sign and Signal Department closed at 3:30 pm. and it was necessary to call a repair person at home to report to the scene to make the necessary repairs. Our decision is consistent with the case ofColeman v. Village of Groveport (Oct. 6, 1992), Franklin App. No. 92AP-375, unreported. In Coleman, seventeen minutes expired from the time the traffic signal became inoperable until the accident. The Tenth District Court of Appeals held:
 * * * [A]s a matter of law, seventeen minutes is an insufficient time to require the defendant to repair the traffic signal and that the defendant did not permit the dangerous condition to continue. Although a political subdivision may be held responsible for failing to repair or permitting a dangerous condition to continue, it certainly cannot be held to be an insurer of such traffic control device and be made responsible for any malfunction which may occur. Id. at 3.
We further note that the cause of the malfunctioning traffic signal at 6:55 pm. was totally unrelated to the problem with the traffic signal reported earlier in the day at 2:00 pm. Clearly, had appellee been aware of the malfunctioning signal at 2:00 pm. and took no action to repair it and the accident occurred at 7:01 pm. appellant would have a more persuasive argument. However, based upon the facts, we find appellee was not negligent in failing to repair the traffic signal prior to the accident in which appellant received bodily injuries and property damage.
Appellee was not liable for failing to maintain the traffic signal at Main Street and Park Avenue and the trial court properly granted summary judgment on behalf of appellee as no question of material fact exists.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends Mansfield Police Department was negligent in failing to direct traffic at the intersection once it discovered that the traffic signal was malfunctioning. We disagree.
In analyzing this assignment of error, we begin by noting that appellant does not state a cause of action against the Mansfield Police Department for failing to direct traffic at the intersection. Appellant also did not amend his complaint to add this claim as a cause of action. Appellant first mentioned this issue in his brief contra appellee's motion for summary judgment. Therefore, having failed to properly plead this claim as a cause of action in his complaint, we do not have to address this issue.
However, assuming appellant did properly set forth this cause of action in his complaint, we still find appellee is not liable for the accident at the intersection of Main Street and Park Avenue even though an officer from the Mansfield Police Department knew the traffic light was malfunctioning. R.C. 2744.02(A)(1) insulates a municipality from liability for the acts or omissions of its employees when performing a governmental function. The provision or nonprovision of police services is a governmental function pursuant to R.C. 2744.01(C)(2)(a). Therefore, the failure of the police officer to direct traffic involves a governmental function and appellee is insulated from liability. We would also note that the City of Mansfield's Police Department does not have a policy requiring a police officer to direct traffic at a malfunctioning traffic signal.
Based upon the above, we find appellee was not negligent when the City of Mansfield's Police Department failed to direct traffic at the malfunctioning traffic signal. The trial court properly granted summary judgment on behalf of appellee, regarding this issue, as no material issue of fact exists.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J., Farmer, P. J., and Reader, J., concur.