OPINION
 "I. TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED IT'S DISCRETION AND DEPRIVED APPELLANT OF HIS RIGHTS TO CONFRONTATION AND TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY REFUSING TO ALLOW DEFENSE COUNSEL TO CROSS-EXAMINE A STATE WITNESS ABOUT BENEFITS PROVIDED BY THE STATE IN PLEA BARGAINS.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED IT'S DISCRETION AND DEPRIVED APPELLANT OF HIS RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, TO COMPULSORY PROCESS, TO DUE PROCESS, AND TO EQUAL PROTECTION UNDER THE STATE AND FEDERAL CONSTITUTIONS BY REFUSING TO ALLOW DEFENSE COUNSEL A REASONABLE CONTINUANCE TO CONSULT AN EXPERT WITNESS.
 III. THE COURT ABUSED IT'S DISCRETION AND DENIED DEFENDANT RIGHTS PROVIDED BY THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND THE STATE OF OHIO AS A RESULT OF THE SENTENCING OF APPELLANT PURSUANT TO SENATE BILL 2.
 A. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF ALL CONSTITUTIONAL AND STATUTORY PROTECTION DURING APPELLANT'S INCARCERATION AND EVEN AFTER APPELLANT'S RELEASE.
 B. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF THE PROTECTION AGAINST DOUBLE JEOPARDY UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 C. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE DEPRIVES APPELLANT OF HIS RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 D. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE VIOLATES APPELLANT'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 E. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE SUBJECTS APPELLANT TO PENALTIES THROUGH STATUTORY PROVISIONS THAT VIOLATE THE DOCTRINE OF SEPARATION OF POWERS."
On February 24, 1997, appellant was indicted on one count of breaking and entering, a violation of R.C. 2911.13(A), one count of theft, a violation of R.C. 2913.02(A)(1) and, one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1). A jury trial commenced on July 1, 1997.
Keith Bousquet testified he met appellant through their mutual friend, Ronald Cantu. On August 3, 1996, Bousquet, Cantu and appellant were driving when appellant suggested that the three of them break into Fisherman's Wharf, a bait and tackle charter business. When they arrived, appellant stayed in the car while Bousquet and Cantu broke into the building and stole approximately $1,500 in cash from two safes. Bousquet and Cantu then returned to the car. Appellant drove to a secluded area in Fremont where the three men divided the money. Bousquet testified that on September 16, 1996, the three men were together again when they broke into the Toussaint Tavern and stole cash from an open safe. Once again, they divided the money into three equal shares.
In his first assignment of error, appellant contends the trial court committed plain error and abused its discretion when the trial judge denied appellant the opportunity to cross-examine Bousquet more extensively in regard to benefits he would receive from his plea agreement.
Evid.R. 611(B) states: "[C]ross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 402 provides that "evidence which is not relevant is not admissible." It is well settled that "[T]he scope of cross-examination and the admissibility of evidence during cross-examination are matters which rest in the sound discretion of the trial judge." Statev. Lundgren (1995), 73 Ohio St.3d 474, 487, citing O'Brienv. Angley (1980), 63 Ohio St.2d 159, 163.
On direct examination, Bousquet testified that he was currently serving time in prison for breaking and entering, theft and receiving stolen property. He testified that his prison time resulted from convictions in Erie and Sandusky Counties. He also testified he was awaiting sentencing on three charges of breaking and entering and one count of theft in Ottawa County. On cross-examination, appellant's counsel specifically asked Bousquet how much prison time he was serving for his convictions in Erie and Sandusky Counties. Before Bousquet could answer, the trial judge stopped the questioning. In a side bar conference, appellant's counsel explained he was attempting to show that appellant had made a deal with prosecutors from all three counties for less prison time in exchange for his testimony against appellant. The trial judge rejected counsel's reasoning on the basis of relevance. The trial judge instructed appellant's counsel that he could not question Bousquet about the length of his prison term unless he could show there was some sort of an agreement between the three counties.
Thereafter, Bousquet testified on cross-examination that in exchange for his testimony against appellant and Ronald Cantu in Sandusky County, ten of the sixteen charges filed against him in Sandusky County were dismissed. He also testified that in exchange for his testimony in the instant case, nine of the thirteen charges filed against him in Ottawa County were dismissed. Bousquet acknowledged that his agreement to testify against appellant in both counties helped to "greatly reduce" the amount of time he faced in prison. Given the fact that counsel was ultimately allowed to impeach Bousquet's credibility once a proper foundation was laid, this assignment of error is without merit. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends the court committed plain error and abused its discretion in denying appellant's motion for a continuance. Appellant sought a continuance for the purpose of obtaining an expert witness to counter the testimony of Bureau of Criminal Investigation Agent Larry Rentz. Rentz planned to testify that a shoe print found at the scene of one of the crimes matched a shoe owned by appellant. Appellant's counsel did not ask for a continuance until the trial was well under way. Although the state claimed they included Rentz's report in the file they turned over for discovery, appellant's counsel claimed that he only became aware of the report once the trial began. The trial court, in denying the continuance request, noted that appellant was not claiming that the state withheld the report from discovery. Rather, appellant simply claimed he never noticed the report until the trial had started.
The grant or denial of a motion for continuance is a matter within the sound discretion of the trial court and will be reversed on appeal only if the trial court abused its discretion.State v. Unger (1981), 67 Ohio St.2d 65, 67. The error by the trial court must be more than an error of law or judgment, rather we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Ruwe v. Bd. of Springfield Twp. Trustees
(1987), 29 Ohio St.3d 59, 61. In evaluating a motion for a continuance, a court should consider, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to the parties and the court; whether the requested delay is made in good faith; whether the party requesting a continuance contributed to the need for the delay; and other relevant factors depending on the facts of the case. Unger, at 67-68.
We do not find the trial court abused its discretion in denying appellant's motion for a continuance made in the middle of an ongoing trial. Accordingly, appellant's second assignment of error is found not well-taken.
Appellant's third assignment of error is found not well-taken on the authority of this court's decision in State v.Somerlot, et al. (Jan. 23, 1998), Erie County App. No. E-97-02, unreported. Accord, State v. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.