OPINION
Robert and Donna Wilke appeal from an order of the common pleas court granting summary judgment in favor of the City of Brook Park in connection with a bicycle accident which occurred on West 164th Street in Brook Park.
The facts of this case reveal that Wilke, while riding his bicycle, rode over the sewer grating in the street and fell over the handle bars of his bicycle. In his complaint against the City of Brook Park, Wilke alleged the city failed to keep the street free from nuisance, failed to warn the public of known defects, and failed to inspect the street; further, that the city had both actual and constructive notice of the dangerous condition of its streets and catch basin curb inlet grates. The other causes of action related to the John Doe defendants.
The record before us contains the following answer to an interrogatory by the Superintendent of Public Properties for the city:
 3. Please state whether you or anyone acting in your behalf had any knowledge or information of any nature whatsoever, that any condition existed which could cause or contribute to the occurrence allege [sic] in the plaintiff's complaint.
ANSWER:
No.
In conformity with the provisions of Civ.R. 56(C), a trial court can only consider the following:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *.
In applying the principles of Dresher v. Burt (1996), 75 Ohio St.3d 280, to this case, the city had an initial burden to demonstrate the absence of any existing material issue of fact. It did so. This then shifted the burden to Wilke to evidence a contrary or contested position. He did not do so.
In Cleveland v. Amato (1931), 123 Ohio St. 575, 176 N.E. 227, the court stated in paragraph 1 of its syllabus:
 The duty imposed upon municipalities * * * is the exercise of ordinary care to keep its streets, sidewalks, and other public ways open, in repair and free from nuisance. Liability for damages for failure to perform such duty cannot arise except upon proof either that its agents or officers actually created the faulty condition from which injury resulted or that it had notice thereof, actual or constructive. (Emphasis added.)
See, also, Ruwe v. Bd. of Springfield Twp. Trustees (1987),29 Ohio St.3d 59.
Here, no evidence exists that the sewer grate is faulty or defective, and the only evidence in the record on the issue of actual or constructive notice of a defect is from the Superintendent of Public Properties that the city had none.
Glaringly absent from the record is evidence to support any defect in the sewer whatsoever, that the city maintained any such defect, failed to inspect its sewer or sewer grate conditions or that it had any notice of a defect. These are burdens to be borne by the party opposing a motion for summary judgment; in light of the city's direct denial, Wilke failed to meet his burden of proof and therefore cannot prevail on a motion for summary judgment. An allegation of a defective grate cannot defeat a properly supported motion for summary judgment, because Dresher
does not permit a party to merely rest on allegations contained in a complaint when confronted with a properly evidenced motion for summary judgment. Here, the city has met its burden, and it is Wilke who has failed to properly evidence a genuine issue of material fact in dispute.
As set forth above in Cleveland v. Amato, liability for damages against the City of Brook Park cannot arise as a matter of law except upon proof that the city created a faulty or defective condition or that it had actual or constructive notice thereof. No evidence of a defect exists and the city has averred it had no such notice. Therefore, the trial court properly granted summary judgment.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS.
 DIANE KARPINSKI, J., DISSENTS.
(See Dissenting Opinion attached)
 _________________________________ PRESIDING JUDGE TERRENCE O'DONNELL