I respectfully dissent because the majority misapplies Dresherv. Burt to a record that as not ready for summary judgment.
The majority cites Cleveland v. Amato (1931), 123 Ohio St. 575, for the proposition that a municipality is not liable for failing to keep its streets open, in repair and free from nuisance unless it either (1) created or (2) had notice of the faulty condition giving rise to the complaint. (Ante at p. 3.) It then takes Brook Park's denial of any actual knowledge about any defective condition of the street and sewer grate upon which plaintiff fell, ante at p. 2, and purports by syllogistic reasoning to conclude no liability is possible.
The flaws in this argument, however, are (1) that Brook Park may have created the defective condition when it installed the sewer grate and (2) its denial of any actual "knowledge or information" does not defeat its constructive notice.[1] Thus, contrary to the majority's argument, and as more fully discussed below, Brook Park did not present evidence to negate a finding of liability under Amato.
My fundamental disagreement with the majority is based on its misunderstanding of the degree of evidence necessary to properly support a motion for summary judgment. Indeed, I do not understand how the majority can cite to Dresher v. Burt (1996),75 Ohio St.3d 280, to support its argument on this point, because the majority makes precisely the same argument that was reversed on appeal in Dresher.[2] The record in the case at bar, as inDresher, unambiguously reveals that the defendant seeking summary judgment failed to support its motion with evidence to show that the plaintiff could not prove its case. As in Dresher, the failure to support the motion is pervasive and should not be ignored.
In the case at bar, Brook Park filed a brief, six-page motion for summary judgment making legal arguments that the sewer grate did not constitute a nuisance, that it had no notice of a nuisance, and that Robert assumed the risk of injury by riding his bicycle in a public street. The motion referred to an unauthenticated hospital emergency room report, the City's own answers to interrogatories denying knowledge of the condition, and a local ordinance governing the riding of bicycles. The answers to interrogatories stated that, after the incident, the City replaced the sewer grate. The City, however, did not attach a photograph of the sewer grate or provide the court with any information whatsoever concerning its condition. The condition of the sewer grate is a central disputed material fact related to each issue in the case at bar.
I quote the following passage from Dresher, in which the Supreme Court described the standard for filing a properly supported motion for summary judgment, because it applies equally to appellant's three assignments of error on appeal. Readers can judge for themselves whether Brook Park's motion was sufficient in the case at bar:
 * * * we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the nonmoving party fails to satisfy its initial burden, the motion for summary judgment must be denied.
Id. at 293. Because the majority opinion does not address specific assignments of error, I address each assignment separately.
Appellants' first assignment of error concerns the "open, in repair, and free from nuisance" element of their tort action as follows:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNDER OHIO CIVIL RULE 56 WHICH PREJUDICED THE PLAINTIFF-APPELLANTS BECAUSE MATERIAL ISSUES OF FACT EXIST IN WHICH REASONABLE MINDS CAN COME TO MORE THAN ONE CONCLUSION BASED ON THE FACTS THAT THE DEFENDANT-APPELLEE, CITY OF BROOK PARK, FAILED TO KEEP ITS STREETS OPEN, IN REPAIR, AND FREE FROM NUISANCE UNDER OHIO REVISED CODE SECTION 723.01.
The City's motion for summary judgment did not present any evidence or other material to show that it maintained the roadway "open, in repair, or free from nuisance" or that plaintiffs could not prove that such a condition existed. The majority cites no evidence on this point. Surprisingly, the record contains absolutely no photographic or other evidence to reveal the physical condition of the sewer grate alleged to constitute a nuisance. Without any such evidence, Brook Park's motion for summary judgment was not properly supported and appellants had no obligation to present any evidence on this issue. Dresher v.Burt, supra. Under the circumstances, without evidence of the condition of the sewer grate it is impossible for the majority to reasonably conclude that no defect existed to warrant summary judgment in the City's favor.
This court faced a similar situation when a political subdivision defendant failed to properly support its motion for summary judgment in Hull v. Greater Cleveland Regional TransitAuthority (June 18, 1987), Cuyahoga App. No. 52920, unreported. The plaintiff in Hull fell on an exit ramp maintained by the RTA. She alleged that the RTA negligently designed and constructed the ramp. We reversed the grant of summary judgment for the RTA because its motion was not properly supported. The RTA had supported its motion for summary judgment merely by attaching a copy of various building codes. In the case at bar, the City submitted even less, for it provided absolutely no material to support its claim concerning the lack of a nuisance.
To the extent that the City is making a legal argument that a nuisance cannot exist if there is no physical defect in the sewer grate, we reject this contention. As a threshold point, I note that the City did not present any evidence that there was no defect in the sewer grate. Perhaps more importantly, however, the Ohio Supreme Court recently rejected such a claim when it held that a "nuisance" can exist from the glare cast by a glass window on the surface of a pool. See Cater v. City of Cleveland (1998),83 Ohio St.3d 24, 30-31. The party asserting that claim did not allege that a permanent physical defect existed in either the window or in the pool. The Supreme Court in Cater reversed a directed verdict in favor of the municipality on the nuisance claim even though there was no evidence of such a physical defect. Id. The facts in Hull and Cater are too close to the case at bar to overlook.
Appellants' second assignment of error concerns the notice element of their tort action as follows:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNDER OHIO CIVIL RULE 56 WHICH PREJUDICED THE PLAINTIFF-APPELLANTS BECAUSE MATERIAL ISSUES OF FACT EXIST IN WHICH REASONABLE MINDS CAN COME TO MORE THAN ONE CONCLUSION BASED ON THE FACTS THAT THE DEFENDANT-APPELLEE, CITY OF BROOK PARK, HAD CONSTRUCTIVE NOTICE OF THE NUISANCE.
As noted in the introduction above, a political subdivision may be liable for failing to keep public streets "open, in repair, and free from nuisance" either when it created the faulty condition from which the injury resulted or had actual or constructive notice of the condition. Cleveland v. Amato, supra;Ruwe v. Springfield Twp. Bd. of Trustees (1987), 29 Ohio St.3d 59,60. To establish constructive notice in this context, the unsafe condition must have existed (1) in such a manner that it could or should have been discovered, (2) for such a length of time to have been discovered, and (3) such that, if it had been discovered, it would have created a reasonable apprehension of the potential danger. Beebe v. Toledo (1958), 168 Ohio St. 203, syllabus paragraph two.
Plaintiffs argued that defendant was liable not only because it installed the sewer grate, but also because it had constructive notice of the allegedly unsafe condition of the sewer grate. The City sought summary judgment on the grounds that it had no knowledge or complaints about a defect and no other accidents had previously occurred at this location. Unlike its first argument above, the City actually produced some evidence concerning this issue. However, the record was not sufficient to warrant summary judgment in its favor on this claim either.
It is well established, contrary to the City's argument, that when reviewing a motion for summary judgment, the court must view all the evidence and reasonable inferences drawn therefrom in the light most favorable to the non-moving party. In the case at bar, the record does not show that reasonable minds could reach only one conclusion and that the City is entitled to judgment as a matter of law.
From the current state of the record, the City has failed to show that plaintiffs cannot prove their case. The City did not present any evidence that it did not install the original sewer grate. On the contrary, evidence that it replaced the grate after the incident indicates that it controlled the installation. Thus it was reasonable to infer the City was responsible for any dangerous condition that may have existed. Under the case law, we are bound to entertain this inference because we are bound to review inferences in the light most favorable to the non-moving party.
The record concerning appellee's denial of constructive notice is not sufficiently developed to support summary judgment. Presentation of some evidence concerning the condition of the original sewer grate would help resolve this dispute. Because the record does not disclose the nature of the alleged defect, the trial court should not have accepted the City's legal argument that the defect could not or should not have been discovered.[3] Moreover, it is not clear that the discovery of such condition would not have created a reasonable apprehension by the City of the potential danger to bicycles. In addition, contrary to the majority's argument, denial of actual notice does not defeat the element of constructive knowledge. Under the circumstances the majority improperly resolves all of these issues against appellants without supporting evidence.
Appellants' third assignment of error is directed toward the City's argument concerning assumption of the risk, as follows:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNDER OHIO CIVIL RULE 56 WHICH PREJUDICED THE PLAINTIFF-APPELLANTS BECAUSE MATERIAL ISSUES OF FACT EXIST IN WHICH REASONABLE MINDS CAN COME TO MORE THAN ONE CONCLUSION BASED ON THE FACTS THAT THE PLAINTIFF-APPELLANT ROBERT WILKE DID NOT ASSUME THE RISK OF HIS INJURIES.
Summary judgment was also unwarranted in favor of the City on its claim that Robert Wilke assumed the risk of injury by riding his bicycle in the street. Assumption of the risk is an affirmative defense upon which the party asserting it bears the burden of proof. Civ.R. 8(C).
The only material the City submitted in support of its motion for summary judgment on this argument was a photocopy of a local ordinance, section 373.16(e):
 Any person operating a bicycle or tricycle shall ride upon the sidewalk rather than the roadway when sidewalks are available, subject to this provision.
The City, however, did not properly submit any evidence that a sidewalk was available at the site of this incident. On appeal, for the first time in a reply brief, the City sought to cure this omission by submitting an affidavit on this issue. It is well established, however, that reviewing courts may not decide issues based on material stapled to an appellate brief for the first time on appeal. E.g., State v. Ishmail (1978), 54 Ohio St.2d 402, syllabus paragraph one.
Finally, as noted by plaintiffs, subsection (a) of the same ordinance provides:
 No person shall ride a bicycle or tricycle upon the sidewalks within a business district.
The City never offered any evidence to indicate that West 164th
Street was not a business district. Under the circumstances, the City did not show how this ordinance applied in this case or that summary judgment was warranted in its favor on the defense of assumption of risk.
Until today, Ohio courts have been clear about the correct legal standard governing properly supported motions for summary judgment. Brook Park's motion for summary judgment did not meet this standard in the case at bar. Rather than join my colleagues in deviating from these established principles, I dissent and, as in Dresher, would reverse the grant of summary judgment. Such a reversal would not preclude the filing of a properly supported motion for summary judgment upon an expanded record following remand. Steman v. Shibley (1983), 11 Ohio App.3d 263.
[1] The City merely denied having "any knowledge or information of any nature whatsoever, that any condition existed which could cause or contribute to the occurrence allege [sic] in the plaintiff's complaint." This denial addresses only actual knowledge.
[2] See, also, Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, in which a majority of the Supreme Court followed Dresher.
[3] It is not clear whether there was a physical defect such as a break in the sewer grate. Moreover, if the nature of the defect is that the holes in the sewer grate were parallel to the street and wide and long enough to catch a bicycle tire, then a case might be made that the City should have been aware of its effect on bicycles. Without knowing the defect, one cannot conclude it could not be discovered.