DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the Fulton County Court, Western District, which found appellant, Jeffrey Mills, guilty of driving with impaired alertness or ability, in violation of R.C.4511.79(A). Appellant raises the following assignments of error:
 "1. WHETHER THE FULTON COUNTY COURT, WESTERN DISTRICT, ABUSED ITS DISCRETION AND DEPRIVED DEFENDANT/APPELLANT OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT AND DUE PROCESS CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION WHEN IT REFUSED TO GRANT A CONTINUANCE OF HIS TRIAL DATE.
 "2. WHETHER THE FULTON COUNTY COURT, WESTERN DISTRICT, ERRED IN VIOLATION OF O.R.C. 2945.12, CRIMINAL RULE 43(A), SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION, AND THE 6th AND 14th AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES WHEN THE COURT FORFEITED DEFENDANT/APPELLANT'S BOND AND DECLARED HIM GUILTY WITHOUT BENEFIT OF A TRIAL."
On July 26, 1999, appellant was stopped by the Ohio State Highway Patrol while operating his tractor-trailer rig westbound on the Ohio Turnpike. The trooper allegedly observed appellant weaving from lane to lane and issued appellant a citation for driving while physically impaired, to wit, fatigued.
On September 10, 1999, appellant posted a $100 bond and a trial date was set for September 28, 1999, at 2:00 p.m. On said date, appellant contacted an attorney to enter an appearance and request a continuance. Appellant requested a continuance because he had been delayed in Cincinnati, Ohio, due to mechanical failure. The trial court denied the request, forfeited his bond and found him guilty of the offense as charged. Appellant then filed a timely notice of appeal with this court.
We initially note that appellant's assignments of error are not in technical conformance with App.R. 16(A). However, we shall read appellant's first assignment of error as arguing that the trial court erred in not granting a continuance of appellant's trial date.
It is well-established that the grant or denial of a motion for continuance is a matter within the sound discretion of the trial court and will be reversed on appeal only if the trial court abused its discretion. State v. Unger (1981), 67 Ohio St.2d 65,67. The error by the trial court must be more than an error of law or judgment, rather we must find that the trial court acted unreasonably, arbitrarily, or unconscionably. Ruwe v. Bd.of Springfield Twp. Trustees (1987), 29 Ohio St.3d 59, 61. In evaluating a motion for continuance, a court should consider,inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to the parties, witnesses and the court; whether the requested delay is made in good faith; whether the party requesting a continuance contributed to the need for the delay; and other relevant factors depending on the facts of the case. Unger at 67-68.
A review of this case reveals that all of the above factors weighed in favor of granting a continuance. No other continuances had been requested, there is no indication that the delay would have been lengthy and the only witness scheduled to appear at trial was the state trooper. There is also no evidence that appellant in any way purposely caused the delay. In addition, appellant, on his own initiative, contacted a local attorney once he became aware that he would be unable to appear at his scheduled court date in order to preserve his day in court.
Based on all of the above facts, we find that the trial court abused its discretion when it denied appellant's motion for a continuance of the trial date. Accordingly, appellant's first assignment of error is well-taken.
Appellant next argues that by finding him guilty inabsentia, the trial court violated his constitutional right to trial. While the assigned error arguably has merit, due to our disposition of appellant's first assignment of error, appellant's second assignment of error is rendered moot. The judgment of the Fulton County Court, Western District, is reversed, and this case is remanded for further proceedings consistent with this opinion. Appellee is ordered to pay the court costs of this proceeding.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Mark L. Pietrykowski, J.
 Peter M. Handwork, J. and James R. Sherck, J.
CONCUR.